GUARDIAN DEPOSITORS CORP. *v.* HEBB.

1. LIMITATION OF ACTIONS—DEFICIENCY—EXPRESS COVENANT TO PAY IN MORTGAGE.

In action of assumpsit to recover deficiency claimed to be due upon a note and mortgage after foreclosure and sale by advertisement brought against mortgagor who had conveyed premises to a grantee who did not assume payment of the mortgage, while recovery on note secured by mortgage would be barred where action was not brought within 6 years after cause of action arose, it would not be barred on express covenant to pay contained in mortgage where brought within 10 years (3 Comp. Laws 1929, §§ 13282, 13976).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONALITY
OF STATUTE.

> In action involving statute providing that in action at law for
> deficiency after foreclosure of mortgage by advertisement de-
> fendant was given right to interpose defense that property was
> fairly worth the amount of the debt at time of sale, question as
> to constitutionality of provision that such issue be tried by
> court without a jury is not before Supreme Court where case
> was tried without a jury, hence Supreme Court cannot say stat-
> ute violates the Constitution (Act No. 143, Pub. Acts 1937).

3. MORTGAGES—FORECLOSURE—DEFICIENCY—STATUTES.

> If property sold in proceedings to foreclose mortgage by ad-
> vertisement equaled in value the amount due upon the mortgage,
> then, by such sale, the mortgagee has obtained satisfaction of
> his debt and statute denying further recovery does not violate
> the Constitution (Act No. 143, Pub. Acts 1937).

4. SAME—DEFICIENCY—VALUE OF PROPERTY AT TIME OF SALE UNDER
FORECLOSURE.

> In action at law, tried without a jury, to recover deficiency claimed
> to be due after sale under foreclosure by advertisement in which
> defendant mortgagor who had previously sold property to party
> who did not assume payment of mortgage, interposed statutory
> defense that property was fairly worth the amount of the debt
> secured by the mortgage at the time and place of sale or that
> the amount bid was substantially less than the true value, evi-
> dence *held*, to sustain trial court's finding for defendant (Act
> No. 143, Pub. Acts 1937).

Appeal from Wayne; Miller (Guy A.), J.  Sub-
mitted April 12, 1939.  (Docket No. 75, Calendar
No. 40,373.)  Decided July 6, 1939.  Rehearing de-
nied September 6, 1939.

Assumpsit by Guardian Depositors Corporation,
a Michigan corporation, against George K. Hebb
for a deficiency judgment.  Judgment for defend-
ant.  Plaintiff appeals.  Affirmed.

*Bodman, Longley, Bogle, Middleton & Farley,* for
plaintiff.

*Younglove & Chockley (Karl B. Goddard,* of counsel), for defendant.

*Robert S. Marx, Lawrence I. Levi,* and *Ethan C. Prewitt,* for B. C. Schram, receiver, *amicus curiae.*

POTTER, J.   Plaintiff sued defendant to recover a deficiency claimed to be due upon a note and mortgage after foreclosure and sale of the mortgaged property by advertisement.   Plaintiff was the owner and holder, for value, of the note and mortgage in question, and purchased and acquired the premises at mortgage sale.   The note and mortgage were given by defendant April 25, 1927, for $15,000, due three years after date.   The property in question was sold at mortgage foreclosure sale for $7,500, and plaintiff claims the amount due on the covenant to pay included in the mortgage, with interest to March 15, 1937, was $4,878.12 in excess of the sale price of the real estate on foreclosure.

The real estate mortgage given to secure the payment of the note provided:

"Said mortgagors, for themselves and their heirs, executors and administrators, do hereby covenant and agree to and with the said mortgagee and its successors and assigns:

"First.   That said mortgagors will pay to said mortgagee, its successors and assigns, said principal sum with the interest thereon as herein provided."

Other provisions of the mortgage provided for the payment of the principal sum of $15,000 three years after date in semiannual payments of not less than $750, together with interest thereon at the rate of six per cent. per annum payable semiannually, until the full payment of the principal sum, according to the terms of the promissory note of even date, the payment of which it was given to secure.

Defendant in his answer alleges the note matured April 25, 1930. This suit was brought April 10, 1937. Suit upon the note was barred by the statute of limitations. Defendant sold the property covered by the mortgage October 13, 1927, and conveyed the same to Paul C. Dulitz, by deed recorded October 14, 1927. Thereafter, the mortgagee gave all notices to Dulitz, and not to defendant, who had no notice or knowledge the mortgage had not been paid until June, 1934, when foreclosure proceedings were instituted which resulted in a mortgage sale of the premises September 14, 1934.

In the deed given by defendant, and accepted by Dulitz, conveying the premises, there was no assumption of the payment of the mortgage by the grantee.

On the trial, plaintiff's counsel relied upon the express covenant to pay in the mortgage. Suit was brought within the 10-year period, and the 6-year statute of limitations is not applicable. 3 Comp. Laws 1929, §§ 13282, 13976 (Stat. Ann. §§ 26.525, 27.605); *Clinton* v. *Clinton's Estate,* 148 Mich. 496; *Paepcke* v. *Paine,* 253 Mich. 636 (75 A. L. R. 1205).

From a judgment for defendant, plaintiff appeals.

Defendant invokes Act No. 143, § 1, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 14444-21, Stat. Ann. 1939 Cum. Supp. § 27.1335), which provides:

"When, in the foreclosure of a mortgage by advertisement, any sale of real property has been made after February eleven, nineteen hundred thirty-three, or shall be hereafter made by a mortgagee, trustee, or other person authorized to make the same pursuant to the power of sale contained therein, at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the purchaser, or takes or has taken title thereto at such sale either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake

to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation, or any other person liable thereon, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent: *Provided,* That such issue shall be determined by the court without a jury: *Provided further,* That this section shall not affect nor apply to the rights of other purchasers or of innocent third parties, nor shall it be held to affect or defeat the negotiability of any note, bond or other obligation secured by such mortgage, deed of trust or other instrument: *And provided further,* That such proceedings, as aforesaid, shall in no way affect the title of the purchaser to the lands acquired by such purchase: *Provided further,* That this section shall not apply to foreclosure sales made pursuant to an order or decree of court nor to any judgment sought or rendered in any foreclosure suit nor to any chancery sale heretofore or hereafter made and confirmed.''

Section 2 of the act (Comp. Laws Supp. 1937, § 14444–22, Stat. Ann. 1939 Cum. Supp. § 27.1336) provides:

''Should any section, provision, or sentence of this act be held to be unconstitutional or invalid for any reason, such holding shall not be construed as affecting the validity of the remaining sections or portions of sections or of this act, it being the legislative intent that this act shall stand notwithstanding the invalidity of any such section, provision or sentence.''

This case was tried before the court without a jury and the question of whether this statute violates the constitutional guaranty of right of trial by jury is not before us. So far as the provisions of this statute are involved, we cannot say it violates the Constitution. *Honeyman* v. *Jacobs,* 306 U. S. 539 (59 Sup. Ct. 702).

The only question for determination is whether defendant has shown the property sold on mortgage foreclosure sale was fairly worth the amount of the debt secured by it at the time and place of sale; or that the amount bid was substantially less than the true value, which showing, by the terms of the statute above quoted, constitutes a defense to such action and defeats the recovery of a deficiency judgment either in whole or in part. If the property sold on a mortgage foreclosure sale equaled in value the amount due upon the mortgage, then, by the sale thereof, the mortgagee has obtained satisfaction of his debt, and the denial by the statute of a further recovery does not violate the Constitution. Mr. Sidney D. Roberts, not interested in the result of this litigation, with 22 years' experience as an appraiser, placed the value of the property at the time of the mortgage foreclosure sale at $14,202. It had an assessed valuation for taxation purposes in 1934 of $10,800. There was testimony that prior to the collapse of credit in 1929 the property was worth $30,000, and in 1934 it was worth at least $15,000. The property was sold to Dr. Dulitz in 1927 for $30,000. It was mortgaged for $15,000 as indicated by the mortgage involved herein. The trial judge found the property in 1930 was worth $30,000; that it was a fair and reasonable conclusion from the testimony offered that the value of the property at the time of its sale on mortgage foreclosure in 1934 was, fairly, not less than $12,000, and this fact, which

is found as a fact, was conclusive against the right of plaintiff to recover.

We think the trial court arrived at a correct conclusion, and its judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.