## SCHRAM v. COYNE.

### No. 1841.

District Court, E. D. Michigan, S. D.

Nov. 14, 1940.

Robert S. Marx, Lawrence I. Levi, and Ethan C. Prewitt, all of Detroit, Mich., for plaintiff.

Bulkley, Ledyard, Dickinson & Wright, of Detroit, Mich., for defendant.

PICARD, District Judge.

The facts in this case are not disputed. Back in 1926 one Adolph Deutsch and wife executed and delivered a promissory note and mortgage to the American State Bank of Detroit, in the principal sum of $2,500. They later sold the property by warranty deed to defendant, which deed expressly stated that the property was free and clear from all encumbrances except the above mortgage which defendant assumed and agreed to pay according to its "terms and stipulations". The note and mortgage, properly assigned to plaintiff, was foreclosed by advertisement, he bidding in the same at the sale on the 5th day of September, 1935, but leaving a balance which with interest to October 1, 1940 was $505.35. Coyne, defendant, having assumed the mortgage, made a voluntary payment of $59.95 on the 25th day of July, 1932, which was applied upon interest then due. Action here was started by plaintiff May 4, 1940 to recover the deficiency and the only real question is whether the action is barred by the six or ten year limit placed upon actions by the statute of limitations of the state of Michigan.

Defendant's voluntary payment July 1932 marks the starting point. If defendant in accepting the deed which he did not himself sign but by which he assumed the mortgage is then bound by the covenants of the mortgage, the ten year period of the statute of limitations would apply and plaintiff must prevail. If not, then the six year rule absolves him and judgment must be for defendant.

Both parties rely upon Section 13976, C.L.1929, being 27.605, Michigan Statutes Annotated, which reads as follows: "All actions in any of the courts of this state shall be commenced within six (6) years after next the causes of action shall accrue, and not afterward, except as hereinafter specified: Provided, however, 1. That ac-

tions founded upon \* \* \* covenants in deeds and mortgages of real estate, may be brought at any time within ten (10) years from the time \* \* \* when the cause of action accrued on such \* \* \* covenant."

Defendant claims that the above statute merely applies to "covenants" in so far as the ten year period of limitations is concerned and that here we have just a simple contract that would be barred in six years. Plaintiff claims that defendant, as assuming grantee, became liable for the deficiency and that he is bound by the covenant to pay as contained in the mortgage to the same extent that the original grantors would be.

### Conclusions of Law

■ We overrule all other defenses suggested since in Michigan it is clearly established that a suit at law may be maintained for deficiency after foreclosure of a mortgage by advertisement. New York Life Ins. Co. v. Erb, 276 Mich. 610, 268 N. W. 754.

■ Also under the decision of Guardian Depositors Corporation of Detroit v. Brown, 290 Mich. 433, 287 N.W. 798, it was established that the mortgagee may maintain action for collection of a deficiency after foreclosure by advertisement against the grantee of a mortgage who had assumed the mortgage debt, under Act No. 296 of the Pub.Acts of 1937.

The only question, therefore, remaining in this case is whether a grantee, who has not signed the deed which specifically recites that he shall assume the mortgage, would be held liable for a ten year or a six year period provided for by the statute of limitations.

The two cases cited by plaintiff are not in point.

In Guardian Depositors Corporation of Detroit v. Hebb, 290 Mich. 427, 287 N.W. 796, the action was not against the grantee of mortgagor but against the mortgagor himself. It may or may not be significant that in that particular case the grantee did not assume the mortgage. True, the court in its opinion does refer to this as one of the facts, but merely to indicate that there was no obligation on the part of the grantee at all. Six or ten years are not mentioned. And in the case of Guardian Depositors Corporation of Detroit v. Savage, 287 Mich. 193, 283 N.W. 26, 124 A.L.R. 635, the action was sustained but it was against the man who signed the mortgage and directly on the covenants contained in that mortgage. Close analysis of the Savage case, however—incidentally a four to three decision—clearly indicates that the entire court continuously had in mind the distinction between liability on the note as such—a simple contract—and liability on the mortgage as such—a special covenant. It is significant also that in the Savage case, supra, reference is made by the court to Wisconsin law and upon reading the Wisconsin decision of Bishop v. Douglass, 25 Wis. 696, we find a case on all fours with the present one. Here the grantee accepted the deed in which he had assumed and agreed to pay the mortgage and the question of the statute of limitations is the issue. The court there said the case "depends wholly upon the question whether the contract by the appellants was a simple contract, or was one under seal. And we think the weight of authority and the result of the argument upon principle concur in holding that it is but a simple contract. It is so, for the reason that the party has nowhere bound himself under seal. The seals of the grantors in the deed to him are not his seals. The instrument does not profess to bind him under seal. True, it contains a clause that he assumes and promises to pay the mortgage debt. But it does not contemplate that he is to become bound by that promise by signing and sealing the instrument, but only by accepting it and the benefit under it. It is therefore a mere promise which acquires its binding force by acts in pais, without any signature or sealing whatever. And it seems impossible upon such facts to say that the party has promised under seal. \* \* \*"

So we contend that a close perusal of the Michigan decisions recently rendered do not in our opinion change the regular rule. Furthermore, in New York Life Insurance Company v. Erb, 276 Mich. 610, at page 615, 268 N.W. 754, at page 755, the court states: "Mortgage is not extinguished by foreclosure until the sale". And in the case at bar action must have been on the note since the mortgage had been extinguished by the sale held in 1935.

■ There was then no express covenant to pay the amount of this mortgage on the part of defendant but one of simple contract only and in keeping with what appears to be the great weight of authority, it is undoubtedly the purpose of the Michigan statute and decisions to differentiate between the period during which ac-

tion may be brought on a covenant under seal—extended by statute to ten years—and one where the contract is not under seal—a simple contract—where the statute of limitations runs for six years. This is emphasized in Guardian Depositors Corporation v. Hebb, 290 Mich. 427, 287 N.W. 796, where the court states: "Suit upon the note was barred by the statute of limitations" but action on the covenants of the mortgage was still existent.

Furthermore, the recent enactments of the legislature did not change this nicety nor do the decisions intimate that the rule has been changed. On the contrary Michigan seems to follow the special reasoning and great weight of authorities which indicate that an agreement by a grantee in a deed to assume an outstanding debt such as a mortgage by accepting a deed with a clause of assumption therein, is just a simple contract and not a special covenant such as to extend the grantee's obligation to the statute of limitations provision of ten years. See 37 C.J. 751; Hollister v. Strahon, 23 S.D. 570, 122 N.W. 604, 21 Ann.Cas. 677; Willard v. Wood, 164 U.S. 502, 17 S.Ct. 176, 41 L.Ed. 531; Taylor v. Forbes' Adm'r, 101 Va. 658, 44 S.E. 888; Nutter v. Mroczka, 303 Mass. 343, 21 N.E.2d 979.

It appears, therefore, to this court that unless the grantee assumes to pay the mortgage under seal by written acceptance of the mortgage obligations under seal, the mere fact that he has assumed the mortgage by acceptance of the deed limits plaintiff's right to recovery within the six year statute of limitations and not that exception noted in the statute which extends the period for action to ten years.

Under the undisputed facts this court must hold for defendant and directs that a proper order complying with this opinion be presented to this court for signature.