GUARDIAN DEPOSITORS CORP. *v.* POWERS.

1. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT—
DEFICIENCY AFTER STATUTORY FORECLOSURE OF MORTGAGE—SET-
OFF—STATUTES.

> Statute which affords to defendant mortgagor when sued for
> deficiency after foreclosure of mortgage by advertisement
> the right to set off the difference between the amount bid
> by mortgagee or holder of the mortgage interest and the
> fair value of the property at the time of the sale is not
> unconstitutional as an impairment of a vested substantive right
> even though the sale was held prior to time the act became
> effective since it permits proof that the mortgagee has al-
> ready obtained satisfaction of his debt and merely denies
> further recovery (U. S. Const. art. 1, § 10; Mich. Const. 1908,
> art. 2, § 9; Act No. 143, Pub. Acts 1937).

2. MORTGAGES—CREDITOR'S REMEDIES UPON NONPAYMENT.

> A creditor holding a real estate mortgage as security, in the
> event of nonpayment of the debt, may have recourse (1) to
> an action at law on the note; (2) to an action at law on the
> covenant in the mortgage; (3) to foreclosure in equity with
> right to a deficiency judgment as fixed by the decree (3
> Comp. Laws 1929, § 14364 *et seq.,* as amended), or (4) to
> foreclosure by advertisement with a subsequent right to an
> action for deficiency (3 Comp. Laws 1929, § 14425 *et seq.,*
> as amended).

3. SAME—FORECLOSURE—DEMORALIZATION OF REALTY MARKET.

> When a mortgagee forecloses by advertisement he looks first
> to the security for the realization of his debt, and, when
> the realty market is demoralized, the legislature may properly
> set up new machinery to protect the debtor and secure to
> the creditor only that which is his due as no one has a vested
> substantive right to more than his due.

4. CONSTITUTIONAL LAW—ACTION—ALTERATION OF MANNER, METHOD
AND TIME FOR RECOVERY—IMPAIRMENT OF OBLIGATION OF CON-
TRACT.

> The legislature may modify and alter the manner and method of
> recovery as well as the time within which actions may be

brought without impairing the obligation of contract so long as remedy is not denied or so embarrassed with conditions and restrictions as seriously to impair the value of the right (U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9).

5. SAME—IMPAIRMENT OF OBLIGATION OF CONTRACT—CHANGE OF REMEDY.

A statute is void as impairing the obligation of contract if it takes away all remedy for the enforcement of the contract, or if it leaves no substantial remedy therefor, but within such limitations the legislature may alter or abolish particular remedies, and may substitute one remedy for another. (U. S. Const. art. 1, § 10; Mich. Const. 1908, art. 2, § 9).

6. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—STATUTES.

The right to foreclose mortgages by advertisement has always been subject to change by the legislature since the right is wholly dependent upon statute (3 Comp. Laws 1929, § 14425 et seq., as amended).

7. SAME—FORECLOSURE BY ADVERTISEMENT—NATURE OF PROCEEDING.

The right to foreclose a mortgage under statutory procedure is the act of a party and not a judicial proceeding and is only possible when the mortgage is so framed as to authorize it (3 Comp. Laws 1929, § 14425 et seq., as amended).

8. SAME—FORECLOSURE IN EQUITY—CONFIRMATION OF BID.

In equitable foreclosures the court, in the exercise of fair discretion, may decline confirmation of the sale if the amount bid is so inadequate that it shocks the conscience of the court (3 Comp. Laws 1929, § 14364 et seq., as amended).

9. SAME—FORECLOSURE—EQUITY—ADVERTISEMENT—DEFICIENCY.

Statute which permits mortgagor to set off value of property at time it was sold to holder of mortgagee interest in foreclosure proceedings by advertisement when sued for the deficiency merely provides a procedure to some extent consistent with that available in foreclosures in equity and wherein court may decline to confirm a sale if bid is so inadequate as to shock the conscience of the court (3 Comp. Laws 1929, § 14364 et seq., as amended; § 14425 et seq., as amended; Act No. 143, Pub. Acts 1937).

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MORTGAGE FORE-CLOSURE—ACTION FOR DEFICIENCY—DEFENSES.

Determination that retrospective application of statute author-izing defendant mortgagor to set off value of property at time of sale to mortgagor in proceedings to foreclose mortgage by advertisement was not unconstitutional where sale was made

before statute became effective renders unnecessary decision of questions as to claimed errors in published foreclosure notice and claimed estoppel of mortgagor to raise question as to right of mortgagor to recover deficiency by resorting to moratorium relief (3 Comp. Laws 1929, § 14425 *et seq.;* Act No. 98, Pub. Acts 1933, as amended; Act No. 143, Pub. Acts 1937).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 16, 1940. (Docket No. 83, Calendar No. 41,322.) Decided March 11, 1941. Rehearing denied May 21, 1941.

Assumpsit by Guardian Depositors Corporation, of Detroit, against Lula E. Powers, now Lula E. Bachman, to recover a deficiency judgment after foreclosure of a mortgage by advertisement. From judgment for defendant, plaintiff appeals. Affirmed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*Carl R. Thomsen,* for defendant.

*Harold M. Shapero, amicus curiae.*

BUSHNELL, J. This is an action at law to recover a deficiency judgment after foreclosure of a mortgage by advertisement.

Max Kahn and wife gave a mortgage to National Bank of Commerce of Detroit on December 19, 1923, to secure their promissory note. The mortgage contained an express covenant to pay the debt. Defendant Lula E. Powers, now Lula E. Bachman, purchased the premises from the Kahns on a land contract that same year and, three years later, took a deed thereto containing a covenant in which she assumed and agreed to pay the mortgage. In 1928 defendant Powers executed a promissory note to the mortgagee in the sum of $6,500 and entered into an

agreement whereby she assumed the obligations of the mortgage and the mortgagee accepted her as the debtor.

On July 20, 1934, B. C. Schram, receiver of the Guardian National Bank of Commerce of Detroit, formerly known as National Bank of Commerce of Detroit, as owner of said mortgage and debt, com-' menced statutory foreclosure by advertisement. The property was bid in by Schram at sheriff's sale on October 26, 1934, for $5,000, leaving a deficiency balance on the mortgage debt as of that date in the sum of $822.50. Prior to the expiration of the period of redemption, defendant sought and obtained the benefit of the moratorium statute (Act No. 98, Pub. Acts 1933, as amended * [Comp. Laws Supp. 1935, § 14444 *et seq.*, Stat. Ann. § 27.1321 *et seq.*]). The order entered in the moratorium proceeding was subsequently vacated because of petitioner's failure to comply with the terms thereof. Plaintiff's action for deficiency judgment was brought on January 31, 1938.

As a defense to plaintiff's claim, defendant contends that, under the provisions of Act No. 143, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14444–21 *et seq.* [Stat. Ann. 1940 Cum. Supp. § 27.1335 *et seq.*], quoted in *Guardian Depositors Corp. v. Hebb,* 290 Mich. 427, at p. 430), she has the right to set off the difference between the amount bid and the fair value of the property at the time of sale against the amount claimed as a deficiency. Testimony was taken as to the value of the property at the date of sale, and the trial court found that it had been sold for $1,007.58 less than its fair value, and that, on the basis of this fair value, if plaintiff recovered the

---

* By Act No. 20, Pub. Acts 1934 (Ex. Sess.); Acts Nos. 3, 152 and 158, Pub. Acts 1935. For later amendments see same sections, Comp. Laws Supp. 1940, Stat. Ann. 1940 Cum. Supp.—REPORTER. ·

claimed deficiency of $822.50, plus interest, it would then receive $702.81 over and above the sum which would have made it whole. Applying the provisions of the cited statute, the trial judge held that plaintiff was not entitled to a judgment for the claimed deficiency and entered one for defendant. In reply to plaintiff's contention that Act No. 143 could not be constitutionally applied to its case, the trial judge held that the act was remedial in nature and did not constitute an impairment of any vested rights of plaintiff.

On appeal, plaintiff does not claim that the act is unconstitutional in its entirety, but argues that, as applied to this case, the act effects an impairment of its vested substantive rights in violation of article 2, § 9, Mich. Const. 1908, and article 1, § 10, U. S. Const. This contention is based upon that provision of the act which makes it applicable to any sale under a foreclosure by advertisement made after February 11, 1933. Plaintiff, citing *New York Life Ins. Co.* v. *Erb*, 276 Mich. 610, argues that the foreclosure sale established the amount of deficiency and gave rise to a cause of action for that deficiency. It contends that this cause of action is a vested property right which cannot be taken away by subsequent statutory enactment, citing *Cusick* v. *Feldpausch*, 259 Mich. 349.

The controlling question presented for decision is: Can Act No. 143 be retroactively applied to a sale under a statutory foreclosure by advertisement, held prior to July 2, 1937, the effective date of the act?

The constitutionality of the act, as applied retroactively to mortgages executed prior to its effective date, is controlled by decision in *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.*, 300 U. S. 124 (57 Sup. Ct. 338, 81 L. Ed. 552, 108

A. L. R. 886), and *Honeyman* v. *Jacobs,* 306 U. S. 539 (59 Sup. Ct. 702, 83 L. Ed. 972). See *Guardian Depositors Corp.* v. *Hebb, supra,* and *Guardian Depositors Corp.* v. *Brown,* 290 Mich. 433.

Act No. 143 was first discussed in *Guardian Depositors Corp.* v. *Hebb, supra.* The plaintiff now before us there sued Hebb to recover a deficiency after sale under foreclosure by advertisement on September 14, 1934, almost three years prior to the effective date of the act. Defendant invoked the statute in his defense, claiming the property was fairly worth the amount of the claimed debt at the time and place of sale. This court said (290 Mich. 427, 432):

"So far as the provisions of this statute are involved, we cannot say it violates the Constitution. *Honeyman* v. *Jacobs,* 306 U. S. 539 (59 Sup. Ct. 702, 83 L. Ed. 972).

"The only question for determination is whether defendant has shown the property sold on mortgage foreclosure sale was fairly worth the amount of the debt secured by it at the time and place of sale; or that the amount bid was substantially less than the true value, which showing, by the terms of the statute above quoted, constitutes a defense to such action and defeats the recovery of a deficiency judgment either in whole or in part. If the property sold on a mortgage foreclosure sale equaled in value the amount due upon the mortgage, then, by the sale thereof, the mortgagee has obtained satisfaction of his debt, and the denial by the statute of a further recovery does not violate the Constitution."

The remedial and procedural character of Act No. 143 was discussed in the *Brown Case, supra.* There this present plaintiff, relying on the express assumption of the mortgage as contained in a deed which it claimed was a contract for its benefit under

Act No. 296, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14063–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 26.1231 *et seq.,* the so-called third-party beneficiary statute), sought a judgment in 1938 for deficiency after foreclosure by advertisement. The sale was had in 1934, which was prior to the passage of both Acts Nos. 143 and 296. Defendant argued that Act No. 296 "was constitutionally inapplicable to agreements made prior to its passage because it created a right where none had before existed and thus impaired the obligations of contract." The Court said (290 Mich. 433, 441):

"Appellees also contend that this equitable right of plaintiff was subject to equitable limitations, and that they were protected from unconscionable action by the mortgagee through the supervisory powers of the chancellor. In equity, they urge, a sale for an inadequate price would be set aside and the amount of the deficiency consequently kept within fair and proper limits by the court. While this manifestly seems a matter of procedure rather than substance, it should be pointed out that the 1937 legislature, which passed Act No. 296, also enacted Act No. 143 (Comp. Laws Supp. 1937, § 14444–21 *et seq.,* Stat. Ann. 1939 Cum. Supp. § 27.1335 *et seq.*). This latter statute enables a defendant who is sued for a deficiency after foreclosure by advertisement to show by way of defense that the property sold was equivalent in whole or in part to the amount of his debt. We know of no reason why defendants may not avail themselves of the protection of this statute should the facts warrant. The retrospective operation of almost identical legislation has only recently been sustained. *Honeyman* v. *Clark,* 278 N. Y. 467 (17 N. E. [2d] 131); affirmed in *Honeyman* v. *Jacobs,* 306 U. S. 539 (59 Sup. Ct. 702, 83 L. Ed. 972). The protection of defendants against too

large a claim for deficiency is at least as well maintained in law as it is in equity.''

A creditor, holding a real estate mortgage as security, in the event of nonpayment of the debt, may have recourse to any one of four remedies:

1. An action at law on the note.

2. An action at law on the covenant in the mortgage. (*Guardian Depositors Corp.* v. *Savage,* 287 Mich. 193 [124 A. L. R. 635].)

3. A foreclosure in equity, with the right to a deficiency judgment in the amount fixed by the court's decree. (3 Comp. Laws 1929, § 14364 *et seq.,* as amended [Stat. Ann. § 27.1132 *et seq.,* as amended].)

4. Foreclosure by advertisement as was had in the instant case under the provisions of 3 Comp. Laws 1929, § 14425 *et seq.,* as amended (Stat. Ann. § 27.1221 *et seq.,* as amended), with a subsequent right to an action for deficiency. (*New York Life Ins. Co.* v. *Erb, supra.*)

Act No. 143 does not affect any of the first three rights just mentioned, and the right to a deficiency judgment at law after sale under foreclosure by advertisement still remains. The remedy, however, is affected in that defendant in the law action for the deficiency is permitted to interpose a claim of setoff for the difference between the price at which the property was sold and its fair value at the time of sale.

When a mortgagee elects to foreclose by advertisement, he looks first to the security for the realization of his debt. In the past a public sale has been thought to be the best method of enabling the mortgagor to realize the fair value of his premises. However, when the realty market is demoralized, that method of protecting the rights of the mortgagor becomes a mere formality. It is then within the province of the legislature, in order to prevent

injustice, to set up new machinery for the enforcement of the obligation which will safeguard the rights of the debtor and secure to the creditor that which is his due.   No one has a vested substantive right to more than is his due.   *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co., supra,* and *Honeyman* v. *Jacobs, supra.*

It has been repeatedly held that the legislature may modify and alter the manner and method of recovery as well as the time within which actions may be brought.   *Lutz* v. *Dutmer,* 286 Mich. 467, and authorities therein cited at page 486.   See, also, *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481), and cases therein cited under note 13 (290 U. S. 434).

In *State Savings Bank* v. *Matthews,* 123 Mich. 56, the mortgagor sought a decree providing for redemption under the terms of Act No. 200, Pub. Acts 1899.*   The mortgage was made in February, 1897. A bill of foreclosure was filed February 5, 1898, and the decree of foreclosure was entered November 23, 1899.   The law in force at the time the bill was filed provided that lands should not be "sold within one year after the filing of the bill of foreclosure," and did not provide for any period of redemption.   The new act reduced this period to six months and provided for redemption at any time within six months after the sale.   The court, under the authority of *Mundy* v. *Monroe,* 1 Mich. 68, *Cargill* v. *Power,* 1 Mich. 369, *Sturges* v. *Crowninshield,* 4 Wheat. (17 U. S.) 122, 200 (4 L. Ed. 529), and *Tennessee* v. *Sneed,* 96 U. S. 69 (24 L. Ed. 610), held that the shortening of the time after bringing suit within which sale might be made, and the addition of a

---

* See 3 Comp. Laws 1929, §§ 14365, 14372 (Stat. Ann. §§ 27.1133, 27.1140).—REPORTER.

period of redemption after the sale, which had not previously existed, was not "such material change in the relation of the mortgagor to the mortgagee, or to the rights of each, as to amount to an impairment of the obligation of contracts." The *Matthews Case* was followed in *Lutz* v. *Dutmer, supra,* in which the court said (p. 486) with respect to Act No. 296, Pub. Acts 1937:

" 'It is within the power of a legislature to change the formalities of legal procedure.' *Brown* v. *Kalamazoo Circuit Judge,* 75 Mich. 274 (5 L. R. A. 226, 13 Am. St. Rep. 438).

" 'Without impairing the obligation of the contract, the remedy may certainly be modified as the wisdom of the nation shall direct.' *Sturges* v. *Crowninshield,* 4 Wheat. (17 U. S.) 122, 200 (4 L. Ed. 529).

" 'The rule seems to be that in modes of proceeding and of forms to enforce the contract the legislature has the control, and may enlarge, limit, or alter them, provided that it does not deny a remedy, or so embarrass it with conditions and restrictions as seriously to impair the value of the right.' *Tennessee* v. *Sneed,* 96 U. S. 69, 74 (24 L. Ed. 610); *State Savings Bank of Detroit* v. *Matthews,* 123 Mich. 56.

" 'A statute is void as impairing the obligations of a contract if it takes away all remedy for the enforcement of the contract, or if it leaves no substantial remedy therefor. Within these limitations, however, the legislature may alter or abolish particular remedies, and may substitute one remedy for another.' 12 C. J. pp. 1068, 1069.

"Act No. 296, Pub. Acts 1937, is, so far as applicable here, constitutional, being remedial in character."

The right to foreclose mortgages by advertisement has always been subject to change by the

legislature. ''The right to foreclose and sell by advertisement depends wholly upon the statute.'' *Doyle* v. *Howard,* 16 Mich. 261.

It has also ''been repeatedly held that a foreclosure under the statute is an act of the party and not a judicial proceeding, and that it is only possible when the mortgage is so framed as to authorize it.'' *Lariverre* v. *Rains,* 112 Mich. 276, 282.

The act which permits foreclosure by advertisement says:

''SEC. 8. The mortgagee, his assigns, or his or their legal representatives, may, fairly and in good faith, purchase the premises so advertised, or any part thereof, at such sale.'' 3 Comp. Laws 1929, § 14432 (Stat. Ann. § 27.1228).

This statute, which required the mortgagee to bid ''fairly and in good faith'' was enacted in its present form in 1846.

In equitable foreclosures the court, in the exercise of fair discretion, may decline confirmation of the sale if the amount bid is so inadequate that it shocks the conscience of the court. *Michigan Trust Co.* v. *Cody,* 264 Mich. 258. Act No. 143 merely restricts the remedy by providing a procedure which to some extent renders the remedy in foreclosures by advertisement consistent with that available in equitable foreclosures. This does not impair the obligation of the contract. *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co., supra.*

Following the decisions in *Honeyman* v. *Clark,* 278 N. Y. 467 (17 N. E. [2d] 131), and *Honeyman* v. *Jacobs, supra,* and subsequent to the filing of briefs in the instant case, the New York court of appeals rendered decision on October 8, 1940, in *National City Bank of New York* v. *Gelfert,* 284 N. Y. 13 (29 N. E. [2d] 449, 130 A. L. R. 1472). See 4 University

of Detroit Law Journal, 116. That decision concerns an amendment in 1938 to section 1083 of the civil practice act of the State of New York. New section 1083 provides "that the amount of a deficiency judgment is to be fixed by deducting from the debt the market value of the property as determined by the court or the sale price, whichever is higher." The *Gelfert* decision held the new act unconstitutional as applied to mortgages executed prior to the effective date of the 1938 amendment. The *Honeyman Cases* concerned section 1083-a of the civil practice act, a "moratory deficiency judgment act," almost identical with new section 1083, but differing in that it was a temporary and emergency enactment. The *Gelfert* opinion, on its face, seems to run counter to the *Honeyman* v. *Jacobs* decision, which is ably discussed in 39 Columbia Law Review, p. 1227. In any event, the new section of the civil practice act under consideration in the *Gelfert Case* may be distinguished from the provisions of our Act No. 143, in that our act is limited in its effect to situations in which the mortgagee, payee, or other holder of the obligation becomes the purchaser and does not apply where the sale is made to a third party. Furthermore, our act is limited to sales under foreclosure by advertisement. These distinctions are noted in the *Gelfert* opinion.

In view of our decision on the controlling question, it is unnecessary to determine the claimed errors in the published foreclosure notice and the claimed estoppel of defendant to raise this question by resorting to moratorium relief.

The judgment is affirmed, with costs to appellee.

Sharpe, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.