## SCHRAM v. KOLOWICH et ux.

### No. 388.

District Court, E. D. Michigan, S. D.

April 16, 1942.

Robert S. Marx, Lawrence I. Levi, and Ethan C. Prewitt, all of Detroit, Mich., for plaintiff.

McKenzie & Hamilton, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

In accordance with order of April 1, 1942, entered herein and served upon counsel of record, Mr. Ethan C. Prewitt, representing plaintiff, and Mr. John A. Hamilton, representing defendants, appeared before this Court on April 14, 1942, for a hearing to consider and determine matters within the purview of Rule 16 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This suit involves a claim by B. C. Schram, receiver of First National Bank-Detroit, an insolvent national banking association, of this District, against George J. Kolowich and Irene G. Kolowich, husband and wife, citizens and residents of this District. The basis of this action is a note and mortgage signed by defendants and now owned and held by plaintiff, and plaintiff claims judgment for the difference between the amount due thereon and the amount bid for the property at mortgage foreclosure sale on April 2, 1935. Such being a case in connection with winding up the affairs of a national banking association, this court has jurisdiction under 28 U.S.C.A. § 41 (16).

At this pre-trial hearing the attorney for defendants tendered an amended answer and requested authority to file the same, which authority is hereby granted.

Counsel for defendants admitted all allegations of the plaintiff's complaint with the exception of those involving the following three issues, namely: (I) form of judgment to be entered, if any, because of a plea of coverture on behalf of defendant Irene G. Kolowich; (II) the defense of statute of limitations; and (III) the fair worth of the involved property at the date of mortgage foreclosure sale.

I. Upon the first of these issues, this case is grounded upon written instruments executed by parties who were husband and wife at the time of execution thereof, and plaintiff's counsel conceded that the only judgment which he desired was one against George J. Kolowich, individually, and George J. Kolowich and Irene G. Kolowich, his wife, jointly, in accordance with Section 13062 et seq., Compiled Laws of Michigan for 1929.

It is therefore ordered that any judgment entered herein for plaintiff shall be in the conceded form only and endorsed as provided in Section 13065, Compiled Laws of Michigan for 1929.

II. As to the matter of the statute of limitations, the note and mortgage here involved were dated January 10, 1930, and matured on January 10, 1933. The files and records in this cause show that suit was instituted on January 10, 1939. Count I of plaintiff's complaint is based upon the note, and Section 13976, Compiled Laws of Michigan for 1929, provides that such an action shall be commenced within six years next after the cause of action accrues and not afterward. Within the rule stated in Warren v. Slade, 23 Mich. 1, 9 Am.Rep. 70, suit commenced on the sixth anniversary of the maturity date of the note is not barred by the statute of limitations.

Count II of plaintiff's complaint is based upon the covenant to pay contained in the mortgage, and, as to this Count, suit was instituted within ten years after the cause of action accrued, which is within the statutory limitation period as to such causes of action, as announced in Guardian Depositors Corp. v. Hebb, 290 Mich. 427, 287 N.W. 796.

Consequently, it is ordered and adjudged as a matter of law that the statute of limitations is no defense to Counts I and II of plaintiff's complaint.

III. As to the third issue, it appears that this foreclosure was by advertisement and that there is a bona fide controversy as to the fair worth of the involved property at the time of mortgage foreclosure sale. As to this, defendants are pressing a defense under Act 143, Public Acts of Michigan for 1937, which provides that in an action such as this for a deficiency judgment after mortgage foreclosure by advertisement the mortgagor may allege and show as a matter of defense and set-off to the extent of the amount of plaintiff's

claim that the property was fairly worth the amount of the debt at the time and place of the sale or that the amount bid was substantially less than its true value. It also appears that more than ten days have elapsed since service of the last pleading directed to this issue and that no demand for trial by jury has been made. Defendants now request the right to trial by jury, notwithstanding that no previous demand was made.

In accordance with subdivision (b) of Rule 39, it is hereby ordered that trial of this case shall be by jury, such trial, however, to be limited to the issue of fair worth and true value of the involved property at the time and place of said mortgage foreclosure sale. See Guardian. Depositors Corp. v. Darmstaetter, 290 Mich. 445, 288 N.W. 59.

It is further ordered that the parties shall appear before this court for trial of this case on June 2, 1942, at 9:30 a.m.