## SCHRAM v. PILLON.

### No. 2461.

District Court, E. D. Michigan, S. D.

May 14, 1942.

Robert S. Marx and Thomas L. Conlan, both of Detroit, Mich., for plaintiff.

David A. Hersh, of Detroit, Mich., for defendant.

PICARD, District Judge.

The only question involved in this matter is whether the plaintiff mortgagee may maintain action upon covenants in the mortgage after foreclosure by advertisement and after the statute of limitations has run against the note for which the mortgage was security but before the ten year statute of limitations has run against those covenants.

■ Where there is mortgage foreclosure by chancery there is always a deficiency provision in the decree but where foreclosure is by advertisement the law in Michigan as to the right of mortgagee to continue through the courts to secure any deficiency remaining had never been settled until New York Life Insurance Company v. Erb, 276 Mich. 610, 268 N.W. 754, the court stating that the question had never been presented before "presumably because the profession has assumed that there is no doubt of the right to sue".

But the other question above referred to evidently never came before our Supreme Court until Guardian Depositors Corp. v. Hebb, 290 Mich. 427, 287 N.W. 796, and it was there held that although all liens created by the mortgage were extinguished at the mortgage sale, nevertheless the mortgagee had the right to pursue any deficiency remaining by a suit on the covenants in the mortgage. The statute of limitations, Comp. Laws Supp.Mich.1940, § 13976, Mich.Stat. Ann. § 27.605, in such instance ran for ten years as contrasted with the six year limitation governing notes.

■ The citations of defendant all relate to the mortgage lien and without doubt that right is terminated by sale. Dunitz v. Woodford Apartments Co., 236 Mich. 45, 209 N.W. 809. But the Guardian-Hebb case, supra, although decided in favor of defendant was so decided upon an entirely different question. There the court held that defendant under Act 143, P.A.1937, could inquire into the value of the property at the time of sale.

Defendant's claim that the Supreme Court side-stepped the question of the statute of limitations is not borne out by a review of what the Supreme Court had before it—all of which this court has read.

The briefs, the lower court's opinion, and the record all show that the ten year statute governing covenants in mortgages was before the court which held that the ten and not the six year statute of limitations applied. Had it not done so the court would never have found it necessary to decide the constitutionality of Act 143 (supra).

■ This court is therefore necessarily bound by the law as found in the Hebb case, supra. See, also, Guardian Depositors Corporation v. Powers, 296 Mich. 553, 296 N.W. 675.

The question of fact remaining in this matter will be tried by jury May 25th next unless the parties agree in writing to be bound by an appraiser to be selected by this court, the cost of which to be borne equally by the parties less the taxable costs for said appraiser to be deducted from amount paid by prevailing party and added to amount to be paid by the other.