BANKERS TRUST COMPANY OF DETROIT v. ROSE.

1. MORTGAGES—BIDDING IN AT FORECLOSURE SALE—TITLE.

The mere bidding in at foreclosure sale by the mortgagee of the premises upon which mortgage is foreclosed does not result in the mortgagee's taking title to the premises in view of various provisions requiring (1) the officer conducting the sale to indorse on the deed the time when it shall become operative in case premises are not redeemed, (2) expiration of one year without redemption and (3) destruction of deed in case of redemption (3 Comp. Laws 1929, §§ 14433, 14434; § 14435, as amended by Act No. 197, Pub. Acts 1941; § 14436).

2. SAME—FORECLOSURE SALE—REDEMPTION—TITLE.

Legal title does not vest at once upon the auction sale on statutory foreclosure but only at the expiration of the period allowed for redemption (3 Comp. Laws 1929, §§ 14433, 14434; § 14435, as amended by Act No. 197, Pub. Acts 1941; § 14436).

3. SAME—DEFICIENCY—SALE ON FORECLOSURE FOR SUBSTANTIALLY LESS THAN DEBT.

The purpose of the statute permitting mortgagor in action for deficiency to show that the property was sold to the mortgagee for substantially less than its true value was to prevent a mortgagee from obtaining judgment for a deficiency where the mortgagee had obtained by way of foreclosure the actual title

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 37 Am. Jur., Mortgages, § 746 et seq.
[2] Union of title to mortgage and fee in the same person as affecting right to personal judgment for mortgage debt.   95 A.L.R. 89.
[3] Protection of mortgagor or owner of mortgaged property, on foreclosure sale, by fixing upset or minimum price, requiring credit of specified amount on mortgage debt, or denying or limiting amount of deficiency judgment.   85 A.L.R. 1480.
[3, 4] 37 Am. Jur., Mortgages, §§ 864, 865.
[4] Rights and remedies of mortgagee where mortgaged property is bid in on foreclosure at less than mortgage debt and redeemed by mortgagor or latter's grantee.   128 A.L.R. 796.

to premises of substantially greater value than the amount of the debt secured by the mortgage (Act No. 143, Pub. Acts 1937).

4. SAME—REDEMPTION—DEFICIENCY—SALES.

Where the mortgagor redeems from statutory foreclosure sale he prevents the mortgagee from becoming a purchaser within the meaning of the statute permitting a mortgagor to show that sale was had for substantially less than the amount of the debt as such statute becomes operable when the mortgagor's right to redeem has expired unexercised (3 Comp. Laws 1929, §§ 14433, 14434; § 14435, as amended by Act No. 197, Pub. Acts 1941; § 14436; Act No. 143, Pub. Acts 1937).

5. SAME—FORECLOSURE—WAIVER OF PAYMENT—REDEMPTION—DEFICIENCY.

While a creditor has no vested substantive right to more than is his due he does have a vested substantive right to what is his due, hence, where premises were bid in on foreclosure sale by the mortgagee for $20,000 without waiving payment of remainder of $27,500 debt and mortgagor redeemed, plaintiff was entitled to entire deficiency (Act No. 143, Pub. Acts 1937).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 8, 1948. (Docket No. 10, Calendar No. 43,942.) Decided September 8, 1948.

Assumpsit by Bankers Trust Company of Detroit against Louis Rose and wife on note. Judgment for plaintiff against defendant Louis Rose. Defendants appeal. Affirmed.

*Frank C. Cook* and *A. L. Baumann,* for plaintiff.

*Harold M. Silverston,* for defendant.

REID, J. Plaintiff brought suit at law to recover a deficiency judgment upon foreclosure by advertisement of a mortgage on real estate bid in by plaintiff, mortgagee, for less than the amount due and less than the fair value of the premises involved. Defendants, the mortgagors, after having redeemed,

claim that the statute (Act No. 143, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14444-21, Stat. Ann. 1947 Cum. Supp. § 27.1335]) bars recovery. From judgment for plaintiff against defendant Louis Rose, defendants appeal.

On May 29, 1929, defendants gave plaintiff their promissory note for $18,000, and also a real estate mortgage securing payment of the note. Default having occurred in the payments, a foreclosure sale by advertisement was held, October 3, 1945, at which sale plaintiff bid in the premises at $20,000, there being then due $27,500. Thereafter, within the allotted time, defendants redeemed. This suit is brought to recover the deficiency of $7,500 plus interest from the date of sale.

It is conceded that defendant Tilly Rose was not liable for the deficiency and the case was dismissed as to her, but apparently inadvertently she joined in her husband's appeal. The case was tried by the judge without a jury, a jury apparently having been waived. The statute which defendants claim bars recovery (Act No. 143, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14444-21, Stat. Ann. 1947 Cum. Supp. § 27.1335]) is in part as follows:

"When, in the foreclosure of a mortgage by advertisement, any *sale of real property* has been made after February 11, 1933, or shall be hereafter made by a mortgagee, trustee, or other person authorized to make the same pursuant to the power of sale contained therein, at which the mortgagee, payee or other holder of the obligation thereby secured has become or becomes the *purchaser, or takes or has taken title thereto* at such sale either *directly or indirectly,* and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation, or any other person liable thereon, it shall be competent and lawful for

the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and set-off to the extent only of the amount of the plaintiff's claim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such showing shall·constitute a defense to such action and shall defeat the deficiency judgment against him, either in whole or in part to such extent." (Italics supplied.)

Defendants claim that by the bidding in of the premises at $20,000, there occurred a "sale of real property" and that the plaintiff became the "purchaser" at the sale. It is very evident that plaintiff's bidding in of the property did not result in the plaintiff's taking title thereto.

It is to be noted that the statute, 3 Comp. Laws 1929, § 14433 (Stat. Ann. § 27.1229), provides that the officer making the sale "shall indorse upon each deed the time when the same will become operative in case the premises are not redeemed according to law."

Further, the statute, 3 Comp. Laws 1929, § 14434 (Stat. Ann. § 27.1230), provides, "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative." The statute further provides (3 Comp. Laws 1929, § 14435, as amended by Act No. 197, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 14435, Stat. Ann. 1947 Cum. Supp. § 27.1231]): "If the mortgagor * * * shall, within one year from the time of such sale, redeem the entire premises sold, by paying to the purchaser * * * or to the register of deeds * * * the sum which was bid therefor, with interest * * * then such deed shall be void and of no effect." The statute further provides (3 Comp.

Laws 1929, § 14436 [Stat. Ann. § 27.1232]): "Upon the payment of the entire sum bid at such sale, and interest thereon, and the fee of one dollar mentioned in the preceding section, as aforesaid, to the register in whose office the deed therefor shall have been deposited * * * [or a duly signed and acknowledged certificate showing payment] such register shall thereupon destroy such deed."

As was said by this Court in *McCreery* v. *Roff,* 189 Mich. 558, 564: "Legal title does not vest at once upon the auction sale on statutory foreclosure (Jones on Mortgages, § 1884), but only at the expiration of the period allowed for redemption."

The statute under which defendants assert their defense (Act No. 143, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14444-21, Stat. Ann. 1947 Cum. Supp. § 27.1335]) was enacted in 1937 and was made retroactive to February 11, 1933, which was about the date of the bank holidays. At least one principal purpose of the statute was to prevent a mortgagee from obtaining judgment for a deficiency where the mortgagee had obtained by way of foreclosure the actual title to premises which were of greater value than the amount of the debt secured by the mortgage.

Defendants by their very act of redeeming caused that the plaintiff never became a purchaser of the premises within the meaning of the statute, never received any title thereto, and that the sheriff's deed on foreclosure became void and a nullity and was required to be destroyed.

The testimony upon the trial before the circuit judge would justify a finding that the premises were worth much more than $27,500, the amount due at the date of the foreclosure sale, October 3, 1945. While the statute in question has been considered by this Court heretofore in *Guardian Depositors Corp.* v. *Hebb,* 290 Mich. 427; *Guardian Depositors Corp.* v. *Brown,* 290 Mich. 433; *Guardian Depositors Corp.*

v. *Darmstaetter,* 290 Mich. 445; and *Guardian Depositors Corp.* v. *Powers,* 296 Mich. 553, and while the act in question has been upheld as not violative of the Constitution, still the defense urged by the defendants in the case at bar presents a case of first impression in this State.

In enacting the section in question, Act No. 143, § 1, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14444-21, Stat. Ann. 1947 Cum. Supp. § 27.1335), the legislature in using the words, "purchaser," "taken title thereto at such sale," and "sold," are using those words as of the period beginning when the right of the mortgagor to redeem has expired unexercised and not as of the date that the premises were bid in. To hold that those words referred to the date of the bidding in of the premises would be equivalent to holding that the mortgagor had at that date been divested of his title and as a result would have no period of redemption, contrary to the evident purpose and intendment of the legislature in passing the act, which was for the purpose of giving mortgagors additional security against loss.

In sustaining the statute in question in *Guardian Depositors Corp.* v. *Powers, supra,* we said at page 561, "No one has a vested substantive right to more than is his due." It is fairly to be implied that one has a vested substantive right to what is his due. But defendants would have us so to construe the act in question as to take from plaintiff what is plaintiff's due, that is, the full payment of the debt. We cannot assume that the legislature intended any such result.

The statute nowhere required plaintiff to bid the full amount of the debt due as a condition of bidding at the foreclosure proceedings. Plaintiff cannot be said to have waived the payment of the remainder of the debt.

When the defendants by their redemption caused that the deed to the premises secured by the mortgage became "void and of no effect," the result was to make clear and certain that the mortgagee did not take title to the real estate. We reject the defense urged by the defendants.

The judgment appealed from is affirmed. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.