NEW YORK LIFE INSURANCE CO. v. ERB.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—DEFICIENCY—ACTION AT LAW.

An action at law may be instituted for deficiency on statutory foreclosure of a mortgage securing a promissory note.

2. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE.

The advertised foreclosure notice must set up the amount claimed to be due at the date of the notice (3 Comp. Laws 1929, § 14428).

3. SAME—TAXES PAID BEFORE FORECLOSURE SALE.

Mortgagee who forecloses a mortgage without making claim for taxes paid cannot, after sale, maintain a bill to impress the

taxes as a lien on the premises, because he is bound to include in the foreclosure proceedings all claims of lien he has under the mortgage.

4. SAME—TAXES PAID AFTER FORECLOSURE SALE.

Taxes paid by mortgagee or purchaser after foreclosure sale may not be made the basis for reforeclosure of the mortgage for such taxes nor to impress and enforce a lien against the property.

5. SAME—PAYMENT OF TAXES—PRESUMPTION.

It is presumed that the mortgagee pays taxes for the protection of his security.

6. SAME—FORECLOSURE.

A mortgage is not extinguished by foreclosure until the sale.

7. SAME—FORECLOSURE—INTEREST—TAXES.

Interest and taxes accruing after foreclosure proceedings have been begun become part of the amount of the lien for which the land may be sold.

8. SAME—FORECLOSURE—LIEN FOR TAXES—DEFICIENCY.

Taxes paid by mortgagee, which were secured by the mortgage both by its terms and by virtue of the tax law may be included in lien of mortgage at date of sale and difference between full amount of such lien and the bid is the deficiency.

9. SAME—HUSBAND AND WIFE—DEFICIENCY JUDGMENT.

Judgment in action at law for deficiency on foreclosure by advertisement of mortgage securing joint and several note *held,* to properly run against husband and wife, liability of latter being confined to property held jointly with her husband.

10. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOTION FOR SUMMARY JUDGMENT.

Claim for water rent and breach of covenant in bill of sale which were not denied in affidavit of merits on motion for summary judgment nor challenged in assignments of error *held,* not before Supreme Court for review.

11. SAME—STAY OF PROCEEDINGS—ASSIGNMENT OF ERROR—QUESTIONS REVIEWABLE.

Denial of motion to stay proceedings under moratorium act, which motion was made after entry of summary judgment for deficiency on foreclosure by advertisement *held,* not reviewable where no error was assigned upon such ruling.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 3, 1936. (Docket No. 47, Calendar No. 38,739.) Decided September 2, 1936.

Assumpsit by New York Life Insurance Company, a New York corporation, against Charles F. Erb and wife for deficiency due on a mortgage foreclosure. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Verne C. Hampton* (*Henry A. Balser,* of counsel), for defendants.

Fead, J. Plaintiff had summary judgment against defendants, who are husband and wife, for deficiency on mortgage foreclosure.

March 11, 1931, defendants executed to plaintiff a joint and several note for $55,000, secured by mortgage on real estate. January 23, 1933, plaintiff commenced proceedings to foreclose the mortgage by advertisement. Sale was had April 21, 1933, and plaintiff bid in the property for $58,988.86. In plaintiff's affidavit for summary judgment it is claimed that the amount due at the time of sale was $63,001.05, which included taxes on the property, some of which had been paid by the mortgagee about a month before and some within a month after foreclosure proceedings were instituted. The mortgage provided that taxes paid by the mortgagee shall be ''secured by this instrument.''

The first question is whether suit at law may be maintained for a deficiency on foreclosure of a mortgage by advertisement.

The general rule is that it may. 41 C. J. p. 1022; 19 R. C. L. p. 665. In fact, in the absence of statute

and where the mortgage was collateral to a note or other direct obligation to pay the debt, no decisions to the contrary have been found.

The question has never been presented to and passed upon by this court, presumably because the profession has assumed that there is no doubt of the right to sue. The legislature early recognized the right when it enacted the law giving courts of chancery the then new jurisdiction to enter deficiency decrees on mortgage foreclosures and provided for such decree against the mortgagor "in the cases in which such balance is recoverable at law." R. S. 1846, chap. 90, § 112. The provision governed deficiency decrees in chancery until the enactment of the judicature act of 1915, in which the phraseology of many of the practice statutes was changed. Unless a deficiency on mortgage foreclosure is recoverable at law, the multitude of deficiency decrees entered before 1915 were without jurisdiction.

"The express purpose of the statute (as to deficiency decree) is to save the necessity of suing at law for any part of the same debt." *Sheldon* v. *Estate of Warner,* 59 Mich. 444, 449.

And in *Moore* v. *Smith,* 95 Mich. 71, 76, the court evidently had the rule in mind when it said (italics ours):

"While it is true that a sale on statutory foreclosure satisfies the debt secured by the foreclosed mortgage *to the extent of the proceeds of the sale,* and *thus far* releases the personal obligation, yet * * *."

As the general rule has been recognized by our legislature and court and is fundamentally sound, we hold that an action at law may be instituted for the deficiency on statutory foreclosure of a mortgage.

May the taxes paid by the mortgagee after the commencement of foreclosure proceedings and before the sale be added to the mortgage debt of principal and interest to find the whole amount of the mortgage lien and to compute the deficiency?

The advertised foreclosure notice must set up the amount claimed to be due at the date of the notice. 3 Comp. Laws 1929, § 14428. If the mortgagee had paid the taxes before instituting foreclosure proceedings and had failed to include them in the amount claimed in the notice to be due, or if it had paid after the foreclosure sale, a much different question would arise.

In *Vincent* v. *Moore,* 51 Mich. 618, relied upon by defendants, it was held that a mortgagee who forecloses the mortgage without making claim for taxes paid cannot, after sale, maintain a bill to impress the taxes as a lien on the premises, because he is bound to include in the foreclosure proceedings all claims of lien he has under the mortgage. It is also the rule that, where taxes are paid by the mortgagee or purchaser after the foreclosure sale, a bill in equity will not lie to reforeclose the mortgage for the taxes nor to impress and enforce a lien for them against the property. *Walton* v. *Bagley,* 47 Mich. 385; *Wood* v. *Button,* 205 Mich. 692; *Mortgage & Contract Co.* v. *First Mortgage Bond Co.,* 256 Mich. 451. Neither of these situations exists at bar.

The taxes paid by plaintiff after foreclosure was begun were for the years 1931 and 1932 and had become a lien on the land. It is presumed that the mortgagee pays taxes for the protection of his security (41 C. J. p. 471), and, both under the mortgage and by virtue of the tax law (1 Comp. Laws 1929, § 3444, as amended by Act No. 32, Pub. Acts 1931), the taxes paid were secured by the mortgage.

A mortgage is not extinguished by foreclosure until the sale. Interest accruing after the proceedings have been begun becomes part of the amount of the lien for which the land may be sold. There is no basis for differentiating between interest accrued and taxes paid in the interim between commencement of the foreclosure and sale of the land, because both are secured, and equally, by the mortgage under its terms. We hold, therefore, that the land may be sold for the full amount of the lien of the mortgage to the date of sale, and the difference between such amount and the bid is the deficiency.

The judgment properly ran against both defendants, the liability of the wife being confined to property held jointly with her husband. *Kies* v. *Walworth*, 250 Mich. 34; *McPherson* v. *Gregory*, 271 Mich. 580.

Two other claims were included in the judgment, one for water rent and one for breach of covenant in bill of sale. These claims were not denied in the affidavit of merits on motion for summary judgment, nor are they challenged in the assignments of error. They are not before us.

The record shows that after entry of judgment defendants made motion for stay of proceedings under the moratorium act and that the motion was denied. No error having been assigned upon the ruling, it is not reviewable.

Judgment affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.