STURGIS, Judge.
Appeal by plaintiff below from an order finally dismissing its complaint seeking re-foreclosure of a real property mortgage. The order appealed is vacated and the cause remanded for further proceedings consistent herewith.
The complaint charged, in substance, that Mr. and Mrs. J. B. Kyser (defendants against whom a decree pro confesso was entered) executed and delivered to plaintiff a mortgage on real property to secure their promissory note in plaintiff’s favor which mortgage was duly filed and recorded in Okaloosa County, Florida; that subsequent to recordation of plaintiff’s mortgage the appellee, a party defendant to this cause, recorded in said county a mortgage on said property, and that it is inferior to plaintiff’s mortgage; that by a prior suit, in which the appellee was not made a party, plaintiff foreclosed its mortgage, purchased the property at the foreclosure sale, and holds title pursuant thereto. The complaint made all necessary allegations against the defendant mortgagors to entitle plaintiff to foreclosure and prayed that said mortgage be foreclosed and for other relief.
The defendant-appellee moved to dismiss the complaint on the ground, inter alia, that it failed to state a claim for equitable relief, and this appeal seeks review of the order of dismissal based thereon.
The sole point for determination is whether reforeclosure is available under the circumstances alleged. It is answered in the affirmative on the authority of Quinn Plumbing Co. v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690, 73 A.L.R. 600, in which the Florida Supreme Court said:
“But the fact that complainant might not be entitled to the exact relief specifically prayed for is not ground for demurrer, if upon the facts alleged and under the general prayer complainant is entitled to any relief consistent therewith.
“Upon the facts alleged, complainant is certainly entitled to a foreclosure de novo against the omitted junior mortgagee. The question is as to the propriety of the mode of relief selected. The bill of complaint alleges facts sufficient to justify relief by foreclosure and sale if that be hereafter determined to be the equitable course. So the bill is not without equity. The nature of the relief to which the complainant is ultimately entitled depends upon the defense interposed by the junior mortgagee. If no countervailing equities are shown, a decree may be entered requiring the junior mortgagee to redeem or be barred.”
Appellee has not favored this court with a brief in reply to appellant’s brief. We suggest that while it is not compulsory to do so — and concededly difficult in the face of such clear precedent as the Quinn case— the trial judge whose decision is under attack deserved to have it supported before this court by the party whose pleadings and advocacy in his court brought him to err.
Reversed and remanded.
CARROLL, DONALD K., C. J., and .WIGGINTON, J., concur.