STURGIS, Judge.
This is an appeal from a summary final decree reforeclosing the lien of appellee’s first mortgage against the claim of appellants as assignees of a second mortgage upon the subject realty.
Appellants were the owners of the inferior second mortgage lien when the first mortgage was originally foreclosed, but were not made parties to that action due to failure of the abstract of title, upon which plaintiff-appellee relied, to include the second mortgage transaction and assignment thereof. Appellee acquired title to the property by purchase at the foreclosure sale, then conveyed same to one Brownstein, as Commissioner of Federal Housing Administration. Appellants then brought suit in the state court against Brownstein to foreclose the second mortgage, which suit was removed to the United States District Court for the Middle District of Florida and remains pending there pursuant to a stay order awaiting the disposition of the case on appeal.
We digress here to observe that while we know of no bar to the right of the Housing Commissioner, had he chosen to do so, to seek reforeclosure of the first mortgage by way of a counterclaim in the state court to the suit filed by appellants to foreclose the second mortgage, he was under no compulsion to do so. His failure to take that course does not affect appellee’s rights.
The Housing Commissioner, prior to filing answer in the suit pending in the federal court, reconveyed the property, together with the cause of action resulting in the instant suit, to the appellee, who thereafter filed this suit.
Appellants’ answer generally denied the material allegations of the complaint and asserted, in substance, that the lien of the mortgage sought to be reforeclosed had become merged with appellee’s title by virtue of the conveyance from the Housing Commissioner, thus extinguishing the first mortgage lien, and further asserted that the instant cause of action, if any, was available only to the Housing Commissioner by way of a compulsory counterclaim to appellants’ suit to foreclose the second mortgage, pending in the federal court.
The parties severally moved for summary final decree and arguments thereon were heard August 5, 1964, at which time the court requested written memoranda on the law involved and allowed the counsel until September 1, 1964, to file same. On August 28, 1964, following the filing of appellants’ memorandum of law but prior to compliance by appellee, the chancellor, inadvertently overlooking the fact that appellee had until September 1, 1964, in which to comply, entered a summary final decree in favor of appellants, defendants below. Becoming advised thereof, counsel for appellee alerted the chancellor to the fact that September 1, 1964, was the final date fixed for filing the memoranda, whereupon the chancellor gave notice by letter to counsel for the respective parties that the summary decree in favor of appellants had been inadvertently entered and advised that same “is hereby vacated.” The letter further advised:
“The reason for this is that I overlooked noting that I had given the respective attorney[s] until September 1, to submit their memorandum on the law.”
Counsel for appellee filed its memorandum on September 1, 1964.
*486 On September 1, 1964, the court signed an order vacating the “purported Summary-Final Decree entered herein on August 28, 1964,” stating that it was entered inadvertently prior to the expiration of the time theretofore granted to attorneys for the respective parties to submit their mem-oranda on the law applicable to the case. This order, however, was not filed until February 24, 1965, and on February 26, 1965, the summary final decree on review was entered in favor of appellee. In the interim no further pleadings were filed or hearings held.
Appellants present two questions for determination: (1) Whether under the circumstances it was error to enter the order vacating the summary final decree for appellants entered August 28, 1964. (2) Whether it was error to enter the summary final decree of February 26, 1965, in favor of appellee. These questions are answered in the negative.
Aside from the simple equities of the situation developed by the inadvertent action of the chancellor in entering summary decree for appellants prior to the expiration of the time allowed appellee to file its memorandum, which under common law principles sustain the order vacating the spurious decree of August 28, 1964, we interpret rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A.,[1] as specifically authorizing the court under the facts of this case to enter sua sponte the order in question relieving the appellee from the effect of the summary decree inadvertently entered. It is noted that the rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding, or to set aside a judgment or decree for fraud upon the court (which is not involved in this case), but it does abolish writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, and prescribes that the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed by the rules or by an independent action. It would be an anomaly to require an aggrieved party to independently proceed in the manner afforded when, as in this case, the facts upon which the basic right to the relief depends are admitted and the court provides the relief of its own motion.
The Florida courts have not passed on the question of whether a court may act of its own motion under rule 1.38(b), F.R. C.P., which, in all material respects, is identical with rule 60(b) of the Federal Rules of Civil Procedure. In United States v. Jacobs, 298 F.2d 469 (4th Cir. 1961), the federal court held that the rule does not *487 deprive the court of the power to act in the interest of justice in a case in which its attention has been directed to the necessity for relief by means other than a motion, citing the comment of Prof. Moore in footnote No. 5 on page 3883, Vol. 6 Moore, Federal Practice Sec. 59.12(4) (2d ed. 1953), wherein it is stated that a court can presumably act on its own initiative to give substantive relief under rule 60(b).
McDowell v. Celebrezze, 310 F.2d 43 (5th Cir. 1962), affirmed the action of the district court in vacating a summary judgment in favor of claimant and thereafter entering summary judgment affirming an administrative determination denying the claim. In that case the trial court of its own motion notified counsel for the parties of its error and set a hearing at which the order was entered vacating the original summary judgment. In affirming the authority of the court to act under rule 60(b) on its own motion, the appellate court said :
“The Judge’s Notice of Rehearing fixed for March 30, 1962, fulfilled the requirement of a written motion. ‘The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.’ F.R. Civ.P. 7(b) (1). The Court could initiate this on its own motion.”
While the matter of vacating the original summary judgment in the case on appeal was not set down for hearing before the chancellor, the letter of the chancellor addressed to counsel was clearly indicative of the judicial intent. The ap-pellee understandably accepted it and appellants took no action thereon. The maxim “He who remains silent when he ought to speak will not be heard to spealc when he ought to remain silent” applies here. The trial court should be afforded the greatest possible latitude, consistent with the necessary finality of judgments and decrees, to correct its own errors and mistakes, and to avoid the necessity for appeals. As noted by the court in the Jacobs case, supra, the reason for the language “on motion” was to make it clear that a more formal pleading in a new and independent action was no longer necessary after adoption of the rule.
The right of reforeclosure against an omitted junior mortgagee exists as a matter of substantive law. Mid-State Investment Corporation v. Fort Walton Land Development Company, 145 So.2d 289 (Fla.App.1962); Quinn Plumbing Co. v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690, 73 A.L.R. 600 (1930). The trial court did not err in concluding that reforeclosure was not barred under the so-called “doctrine of compulsory counterclaim.”
While the record does not reveal whether the Federal Housing Commissioner filed an answer in the federal court proceeding, originally initiated in the state court by appellants to foreclose their second mortgage, on oral argument it was admitted that all proceedings in that case were stayed on April 20, 1964, and that the transfer of title to appellee and commencement of this suit occurred prior to that date. We find no authority for appellants’ contention that the Federal Housing Commissioner was precluded from conveying the property to appellee or that having conveyed same he was nevertheless required to counterclaim for reforeclosure in the federal court proceedings. Both rule 1.13(1), Florida Rules of Civil Procedure, and federal rule 13(a), dealing with compulsory counterclaims, require the stating of such counterclaim as the defendant has “at the time of the filing of his answer.”
On oral argument counsel for appellants cited Kippy Corporation v. Colburn, 177 So.2d 193 (Fla.1965), in support of their contentions. We have carefully examined the decision in that case and find nothing that conflicts with our conclusions herein. In fact, Mr. Justice O’Connell, who delivered the opinion for the court, at page 196 of the reported case specifically noted that rule 1.38 and rule 2.8 of the Florida Rules of Civil Procedure, 31 F.S.A. pro *488 vide exceptions to the general common law rule that a court has no authority to alter, modify or vacate the substance of an order unless a proper motion or petition is filed in the allotted time. The case sub judice is not concerned with a decree vacated because of an error of law or because the court changed its mind, or because some new rule of law was announced by a higher court in the meantime. The error herein corrected was strictly procedural in nature and due to inadvertence of the court. The established procedure of this case precluded the trial court from entering the untimely decree of August 28, 1965, and rule 1.38 (b), F.R.C.P., was available to correct the error in the manner adopted by the chancellor.
Affirmed.
RAWLS, Chief Judge, and JOHNSON, J., concur.

. E.R.C.P. 1.38(b):
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon suck terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.
“Writs of eoram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.”