273 So.2d 433 (1973)
Max RASKIN et al., Appellants,
v.
Arthur C. OTTEN and Margaret Otten, His Wife, Appellees.
No. 72-659.
District Court of Appeal of Florida, Third District.
February 13, 1973.
Rehearing Denied March 13, 1973.
*434 Snyder, Young & Stern and Joseph Teichman, North Miami Beach, Dunn & Johnson, Miami, for appellants.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn and J.T. Blackard, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
The original opinion in this cause filed by this court on December 5, 1972, is hereby withdrawn prior to issuance of the mandate and this opinion is substituted therefor.
This is an interlocutory appeal taken by defendant-appellants, Max and Ada D. Raskin, Buddy Sheppard and others, seeking review of the trial court's judgment granting plaintiff-appellees', Arthur C. and Margaret Otten, petition for rehearing and authorizing reforeclosure of property.
The record on appeal reveals that appellees purchased the subject property in 1955 and received a warranty deed. In 1960 appellees deeded the property to Killian Craft Homes, Inc., who gave appellees a purchase money first mortgage in the amount of $3,860. Pursuant to an agreement Killian subordinated appellees' mortgage to a first mortgage given to Biscayne Federal Savings & Loan Association in the amount of $12,250. On July 12, 1960 Killian executed a deposit receipt agreement for the purchase of the property with Ron and Constance Ann DeLaney, who took possession of the property in 1960.
On February 6, 1961 appellees filed suit to foreclose the purchase money mortgage given by Killian in 1960. The foreclosure suit was settled and Killian gave appellees a quit claim deed subject to the interest of the DeLaneys, who were then in possession of the property. When the quit claim deed was given to appellees there were no judgments rendered or recorded in favor of appellants against Killian. In the month of May 1961 appellants received four separate judgments against Killian.
Following the above transactions, appellees conveyed the property by warranty deed to the DeLaneys who then executed and delivered back to appellees a promissory note secured by a mortgage encumbering the property. In August 1963 the DeLaneys executed a quit claim deed to appellees. Shortly thereafter appellees paid the unpaid principal balance plus interest and other charges to Biscayne Federal to satisfy the first mortgage on the property. Since 1963 appellees have been in possession of the property and have paid all the taxes, insurance and other expenses.
Appellees first learned of the four judgments entered against Killian when the abstract of title was brought to date in 1969. These judgments were based upon deficiency judgments which had no relationship to the subject property. At the time of appellees' mortgage foreclosure suit on *435 February 6, 1961, the appellant judgment holders were neither proper nor necessary parties since their judgments were all dated in May 1961 and recorded respectively on May 17, May 22, May 22 and May 26, 1961. The instant litigation ensued as appellees sought to quiet title or in the alternative to reforeclose their second mortgage. Appellants answered and counterclaimed to foreclose their judgments as a lien against the subject property.
Trial court initially granted a summary judgment in favor of appellants setting the priority of their judgment liens immediately below the lien of Biscayne Federal. On rehearing, however, the lower court reversed itself and granted summary judgment to appellees. The mortgage given to Killian by appellees was reinstated, declared to be prior in dignity to the four judgments held by appellants and appellees were given the right to reforeclose this mortgage. The court also granted appellees reimbursement for all real property taxes on the property from May 1960 to May 1972 and hazard insurance plus interest on the whole amount. This final summary judgment is the subject of this appeal.
It is first urged on appeal that appellants were injured and their rights prejudiced by the trial court's decision which allowed appellees to reinstate and then reforeclose this mortgage. This argument is without merit because in Florida, under these circumstances, it is a matter of substantive law that there exists a right of reforeclosure against an omitted junior mortgagee. Quinn Plumbing Company, Inc. v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690 (1930); Polster v. General Guaranty Mortgage Company, Fla.App. 1965, 180 So.2d 484; Mid-State Investment Corp. v. Fort Walton Land Dev. Co., Fla.App. 1962, 145 So.2d 289. It was not the appellees' intention to cancel their second mortgage as to the appellants and they cannot now be estopped from exercising their right to eliminate those junior lien holders.
Appellants second argument deals with the part of the final judgment which awarded complete reimbursement of their costs to appellees for the period in which they were in possession of and benefited from the subject property following the original foreclosure.
It is well settled in Florida that a mortgagee may protect his interest in the mortgaged property by paying off a prior lien or encumbrance thereon and thus subrogate himself to the interests so discharged. 22 Fla.Jur. Mortgages § 183 (1958). Therefore, the lower court was correct in crediting the appellees for the satisfaction in 1963 of the $11,474.64 Biscayne Federal first mortgage.
However, with regard to the reimbursement award for interest on the Biscayne Federal first mortgage and real property taxes, hazard insurance premiums, and maintenance expenses, plus interest on these as well, we find the lower court in error to allow appellees, who had use of and benefited from the subject property, to recover additional benefits in the form of these expenses. United Service Corp. v. Vi-An Construction Corp., Fla. 1955, 77 So.2d 800; Winter v. American Automobile Association, Fla.App. 1963, 149 So.2d 386.
We have considered appellees' petition for rehearing and find it to be without merit. It is hereby denied.
Accordingly, for the reasons stated above the trial court's decision is affirmed in part and reversed in part.