SHARP, Chief Judge,
concurring in part, and dissenting in part.
It is clear that in Florida there is a right of re-foreclosure against an omitted junior mortgagee. Quinn Plumbing Co. v. New Miami Shores Corp., 100 Fla. 413, 129 So. 690 (1930). However, I think the order on the motion for summary judgment was improper in requiring payment of accrued interest past the date of the first foreclosure.
This appeal is from a final summary judgment of foreclosure against White, an omitted junior mortgagee. Earlier Mid-State foreclosed on the real property, but omitted to join White. Mid-State purchased the property at the first foreclosure sale on November 25, 1985.
The second foreclosure judgment appealed here is based upon White’s failure to comply with the trial court's order on a motion for summary judgment which required her to pay Mid-State the sum of $148,819.45 in principal, together with interest at the rate of $42.99 per day. This interest calculation runs from the date of the mortgage note through to date of the second foreclosure in October of 1987. In the time interval between the two foreclosures, Mid-State was the fee owner and presumably had possession and right to all rents and profits arising therefrom. In fact, it sold the property to the Heindels, on January 29, 1987, almost a year before the second foreclosure, and presumably has had the benefit of sales proceeds from the property.
In a re-foreclosure action where the senior mortgagee becomes the owner of the property, or receives proceeds at the first foreclosure, it is error to award interest, real property taxes, hazard insurance premiums, maintenance expenses, or the like for the time following the first foreclosure. Raskin v. Otten, 273 So.2d 433 (Fla. 3d DCA 1973). At the date of the first foreclosure, the note and mortgage logically should be extinguished or “paid.” See generally New York Life Ins. Co. v. Erb, 276 Mich. 610, 268 N.W. 754, 755 (1936).
I do not think that Quinn mandates a contrary result. It merely grants a second chance to a negligent mortgagee to foreclose a junior, overlooked mortgagee or lienor. It should not be read to breathe fresh life into an expended note and mortgage. Interest and taxes accruing after the first foreclosure are recoverable only as part of the amount for which the property may be sold or profitably employed. See New York Life, supra.