PEOPLE v COOKE

Docket No. 126713. Submitted February 5, 1992, at Grand Rapids. Decided June 15, 1992, at 9:05 A.M.

   Michael T. Cooke was convicted in the Clinton Circuit Court, Timothy M. Green, J., of receiving and concealing stolen property with a value greater than $100. The court had denied the defendant's pretrial motion to suppress evidence of the property seized on the basis that the property was in plain view of the arresting officer while he was lawfully in the defendant's house to interview him concerning a separate complaint that had been lodged against him. The officer admitted that he suspected that the defendant might possess the stolen property when he was admitted into the house, and defendant admitted that he voluntarily admitted the officer into his house and permitted the officer to check the serial numbers of the stolen property, after the officer observed it in plain view. The defendant appealed.

   The Court of Appeals *held:*

   The United States Constitution permits the seizure without a warrant of an article of an incriminating nature where it is in plain view of an officer who is lawfully in the position from which the observation is made, even if the officer is interested in and looking for the evidence before he first observes it. There is no controlling Michigan case law that holds that the Michigan Constitution affords greater protection in this regard than does the federal constitution. Accordingly, inadvertence is not a requirement of the plain-view exception to the warrant requirement of the Michigan Constitution, and the trial court's ruling was not clearly erroneous.

   Affirmed.

SEARCHES AND SEIZURES — WITHOUT WARRANTS — PLAIN-VIEW.

   Observation of an article of incriminating nature in plain view of a police officer in a place of lawful access need not be inadvertent in order for the officer to seize the article without a

REFERENCES

Am Jur 2d, Searches and Seizures §§ 35 *et seq.*
See the Index to Annotations under Plain View Doctrine.

warrant; the fact that a police officer is interested in the article and expects to find the article in a defendant's possession does not invalidate the seizure of the article when it is observed by the officer in plain view from a place of lawful access (US Const, Am IV; Const 1963, art 1, § 11).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Charles D. Sherman,* Prosecuting Attorney, *Joel S. Gehrke,* Assistant Prosecuting Attorney, for the people.

*Jeanette A. Disbrow,* for the defendant.

Before: MACKENZIE, P.J., and WEAVER and R. B. BURNS,* JJ.

PER CURIAM. Defendant was convicted by jury of receiving and concealing stolen property of a value greater than $100, MCL 750.535; MSA 28.803. He appeals his conviction as of right, challenging the validity of the search without a warrant that resulted in the seizure of the property in question. We affirm.

Myrtle Soles and defendant lived together for a number of years, until Soles moved out in January 1989. In April 1989, Soles contacted the police, complaining that defendant had scratched the paint on her car with a key. She also told the police that she believed defendant possessed Acer computer equipment that had been stolen from the State of Michigan.

After ascertaining that an office of the Department of State Police to which defendant had access was missing some computer equipment, police obtained the serial number of the missing computer. However, no search warrant was obtained, because Soles had not seen the computer equip-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ment since leaving defendant several months earlier, and thus the information was stale. An officer visited defendant's residence in late May 1989 and, after being admitted into the residence by defendant, noticed a computer very similar to the missing property while walking through the house.

The officer interviewed defendant concerning the damage to Soles' automobile and informed him that he was also investigating the possibility that defendant possessed stolen state computer equipment. Defendant gave the officer permission to check the serial number on the computer equipment, whereupon the officer discovered that it was the missing state equipment.

Defendant contends that the trial court erred in declining to suppress as evidence the seized computer, arguing that the seizure falls under neither the plain-view nor the exigent-circumstances exceptions to the warrant requirement. Defendant does not dispute that he voluntarily allowed the officer to enter his house and to his look at the serial number on the computer. Instead, defendant argues that the officer's questions about the damage to Soles' automobile was a mere pretext for getting into defendant's house to look for the stolen computer and that evidence of the seized computer should have been suppressed because discovery of the computer was not inadvertent.

A seizure without a warrant may be valid under the plain-view exception to the warrant requirement where it is shown that (1) the incriminating character of the evidence was immediately apparent and (2) the police had a lawful right of access to the object. *People v Blackburne,* 150 Mich App 156, 165; 387 NW2d 850 (1986). The United States Supreme Court held that the inadvertence requirement that had been derived from *Coolidge v New Hampshire,* 403 US 443, 469; 91 S Ct 2022; 29 L

Ed 2d 564 (1971), was the result of dicta and that inadvertence is not required in order to establish the applicability of the plain-view exception to the warrant requirement under the Fourth Amendment. *Horton v California,* 495 US —; 110 S Ct 2301, 2309-2311; 110 L Ed 2d 112 (1990).

We conclude that the Michigan Constitution[1] affords no greater protection than does the Fourth Amendment. See, e.g., *People v Moore (On Remand),* 186 Mich App 551, 554-555; 465 NW2d 573 (1990). However, although *Moore* was approved for publication on November 19, 1990, it was initially released as an unpublished opinion per curiam before November 1, 1990, the effective date of Administrative Order No. 1990-6, 436 Mich xxxi; Mich Ct R, p A1-47. Administrative Order No. 1990-6 requires that this Court follow the rule of law established by a prior published decision of this Court issued on or after November 1, 1990. *Kuikstra v Cheers Good Time Saloons, Inc,* 187 Mich App 699, 704; 468 NW2d 533 (1991). Accordingly, *Moore* is not binding precedent under Administrative Order No. 1990-6. Further, since the adoption of Administrative Order No. 1990-6, at least two panels of this Court have indicated that the discovery of the evidence must have been inadvertent in order for the seizure of the evidence without a warrant to come within the plain-view exception. *People v Davis,* 189 Mich App 468, 476; 473 NW2d 748 (1991), and *People v Jordan,* 187 Mich App 582, 588; 468 NW2d 294 (1991) (HOLBROOK, JR., P.J.). The question becomes whether either of these cases constitutes binding precedent under Administrative Order No. 1990-6 with respect to the issue of the inadvertence requirement.

In *Davis,* the dispositive issue was whether the

---

[1] Const 1963, art 1, § 11.

police had the authority to be in the defendant's motel room in the first place, not whether the subsequent discovery of a gun in that room was inadvertent. The *Davis* panel neither mentioned nor discussed the effect of *Horton,* instead relying on *Coolidge.* Therefore, consideration of the question whether inadvertence is required under the Michigan Constitution was not essential to the determination of that case, and no rule of law to which Administrative Order No. 1990-6 applies resulted concerning the scope of the Michigan Constitution. *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 597-598; 374 NW2d 905 (1985); *Kuikstra, supra,* 705.

In *Jordan,* the issue under consideration was whether a third party (a hospital) had the authority to consent to the search of the defendant's clothing while the defendant was undergoing surgery for a bullet wound. Again, the *Horton* decision was not mentioned, and its effect was not discussed. The question whether the Michigan Constitution requires a finding of inadvertence in order to establish the applicability of the plain-view exception was not essential to the determination of the case, and no rule of law to which Administrative Order No. 1990-6 applies resulted concerning the scope of the Michigan Constitution. *Roberts, supra; Kuikstra, supra.*

We conclude that neither *Davis* nor *Jordan* is binding precedent under Administrative Order No. 1990-6 with regard to the question of inadvertence. We do not believe that the Michigan Constitution affords greater protection in this regard than does the Fourth Amendment. See *Moore, supra.* We follow *Horton* and hold that inadvertence of discovery is not a requirement of the plain-view exception to the warrant requirement under the Michigan Constitution.

In the present case, defendant does not dispute that he consented to the police officer's entry and presence in his home and to the officer's checking of the serial number on the computer located there. The police officer's entry into and movement within the house with defendant's consent properly placed him in a position to see the computer equipment, the appearance of which was incriminating in light of Soles' information and the police investigation. In these circumstances, the seizure of the computer equipment fell within the consent[2] and plain-view exceptions to the warrant requirement. That the officer's approach to defendant may have been a pretext does not alter the outcome:

> The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant or a valid exception to the warrant requirement. [*Horton,* 110 S Ct 2309.]

The trial court's ruling was not clearly erroneous, *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983); *Jordan, supra,* 589-590, and it is therefore affirmed.

---

[2] *People v Kaigler,* 368 Mich 281, 294; 118 NW2d 406 (1962); *People v Malone,* 180 Mich App 347, 355; 447 NW2d 157 (1989).