CITIZENS BANK v BOGGS

Docket No. 310195. Submitted February 5, 2013, at Lansing. Decided
February 19, 2013, at 9:05 a.m. Leave to appeal denied, 494 Mich
___.

Plaintiff, Citizens Bank, foreclosed on property by advertisement
after the mortgagor of the property, Houghton Lake Lodging
Investments Limited Partnership (HLL), defaulted on its mort-
gage from plaintiff. At the foreclosure sale, plaintiff made a
successful bid sufficient to satisfy HLL's outstanding principal and
interest, plus the foreclosure costs. Plaintiff then sued defendants,
Louis E. and Jennifer L. Boggs, the guarantors of HLL's loan
obligations, for unpaid taxes incurred and insurance premiums it
paid up to the date of the foreclosure sale. Plaintiff admitted that
it did not actually pay the taxes on the property until after the
foreclosure sale but presented evidence showing that it paid at
least some of the insurance premiums before the foreclosure sale.
The court, Michael J. Baumgartner, J., granted summary disposi-
tion in favor of defendants, ruling that plaintiff's bid was a "full
credit bid" that extinguished HLL's obligations under the note
and mortgage and, therefore, defendants could not be held respon-
sible for repaying HLL's satisfied obligations. Plaintiff appealed.

The Court of Appeals *held*:

1. A lender is not required to pay cash when it bids at a
foreclosure sale. It is permitted to make a credit bid because any
cash tendered would be returned to it. If the credit bid is equal to
the unpaid principal and interest on the mortgage plus the costs of
foreclosure, it is known as a "full credit bid." When a mortgagee
makes a full credit bid, the mortgage debt is satisfied and the
mortgage is extinguished. Plaintiff's bid was a full credit bid.

2. Upon foreclosure by advertisement and expiration of the
redemption period without redemption by the mortgagor, the
mortgagor cannot be held liable in a deficiency action for interest,
taxes, or insurance costs accruing after the foreclosure sale. By
implication, a mortgagor remains liable for such costs paid before
the foreclosure sale.

3. Because plaintiff did not pay the taxes before the foreclosure
sale, defendants' liability for the taxes was extinguished by the
foreclosure sale. Summary disposition was properly granted in

favor of defendants with respect to the unpaid taxes. That part of the order of summary disposition was affirmed.

4. Summary disposition was prematurely granted in favor of defendants with regard to the issues concerning the insurance premium payments and whether plaintiff followed adequate procedures to collect this amount from defendants because there may be genuine issues of material fact remaining regarding the total amount of plaintiff's preforeclosure insurance premium payments as well as whether plaintiff followed adequate procedures to collect this amount from defendants. This part of the order of summary disposition was reversed and the matter was remanded for further proceedings.

5. Even if the contractual language in a guaranty to pay all the mortgagor's obligations broadly extends to all the mortgagor's liability and debts, a guarantor cannot be held liable for obligations of the mortgagor that were either satisfied or never incurred by the mortgagor. To the extent that HLL's liabilities were extinguished by the foreclosure sale, defendants cannot be held independently liable for these extinguished debts.

Affirmed in part, reversed in part, and remanded.

1. MORTGAGES — MORTGAGEES — CREDIT BIDS — WORDS AND PHRASES — FULL CREDIT BID.

A mortgagee is not required to pay cash when it bids at a foreclosure sale because any cash tendered would be returned to it as the mortgagee; a mortgagee's credit bid equal to the unpaid principal and interest on the mortgage plus the costs of foreclosure is a "full credit bid"; the mortgage debt is satisfied and the mortgage is extinguished when a mortgagee makes a full credit bid.

2. MORTGAGES — FORECLOSURES — DEFICIENCY ACTIONS.

A mortgagor, upon foreclosure by advertisement and expiration of the redemption period without redemption by the mortgagor, cannot be held liable in a deficiency action for interest, taxes, or insurance costs that accrue after the foreclosure sale; by implication, a mortgagor may remain liable for such costs that are paid by the mortgagee before the foreclosure sale.

3. MORTGAGES — GUARANTORS — MORTGAGORS — FORECLOSURE SALES.

A guarantor of the liability and debts of a mortgagor cannot be held liable for obligations of the mortgagor that were either satisfied or were never incurred by the mortgagor; a guarantor is not independently liable for its mortgagor's liabilities that are extinguished by a foreclosure sale of the mortgaged property.

*Braun Kendrick Finkbeiner P.L.C.* (by *Jamie Hecht Nisidis* and *Craig W. Horn*) for plaintiff.

*Clark Hill PLC* (by *Jay M. Berger* and *Brandon J. Muller*) for defendants.

Before: JANSEN, P.J., and WHITBECK and BORRELLO, JJ.

PER CURIAM. In this action to recover a purported deficiency consisting of amounts not included in a full credit bid at a foreclosure sale, plaintiff appeals by right the circuit court's order granting defendants' motion to dismiss.[1] The alleged deficiency is comprised of unpaid taxes and insurance premiums that the mortgagor, Houghton Lake Lodging Investments Limited Partnership (HLL), failed to pay into escrow as required by the note. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

After HLL defaulted, plaintiff foreclosed on the property by advertisement and made a successful bid sufficient to fully satisfy HLL's outstanding principal and interest, plus the foreclosure costs. Plaintiff then sued defendants, the guarantors of HLL's loan obligations, for unpaid taxes and insurance premiums.[2] Plaintiff admits that it did not actually pay the taxes on the property until well after the foreclosure sale, when it

---

[1] Defendants' motion to dismiss was, in reality, a motion for summary disposition. The circuit court did not identify the subrule under which it was granting the motion. But because the court considered evidence outside the pleadings, we review its decision as having been made under MCR 2.116(C)(10). See *Nuculovic v Hill*, 287 Mich App 58, 62; 783 NW2d 124 (2010).

[2] Plaintiff initially sought to recover unpaid taxes and insurance premiums that accrued up to the date of the resale of the property to a third party. But plaintiff has modified its request and now seeks only to recover the unpaid taxes incurred and insurance premiums it paid up to the date of the foreclosure sale.

resold the property to a third party. However, plaintiff presented evidence in the circuit court to establish that it paid at least some of the insurance premiums before the foreclosure sale.

The circuit court granted summary disposition in favor of defendants, ruling that plaintiff's bid was a "full credit bid" that completely extinguished HLL's obligations under the note and mortgage. Accordingly, the court ruled, defendants could not be held responsible for repaying HLL's satisfied obligations. The court also briefly mentioned that plaintiff did not provide any notice of deficiency to HLL or defendants, even though neither party had raised this issue.

We review de novo the circuit court's grant of summary disposition. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). A motion for summary disposition made under MCR 2.116(C)(10) tests the factual support for a claim. *Id.* Summary disposition is properly granted pursuant to MCR 2.116(C)(10) when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A genuine issue of material fact exists if the record, viewed in a light most favorable to the nonmoving party, establishes a question on which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

As this Court stated in *New Freedom Mtg Corp v Globe Mtg Corp*, 281 Mich App 63, 68; 761 NW2d 832 (2008):

> When a lender bids at a foreclosure sale, it is not required to pay cash, but rather is permitted to make a credit bid because any cash tendered would be returned to it. If this credit bid is equal to the unpaid principal and interest on the mortgage plus the costs of foreclosure, this

is known as a "full credit bid." When a mortgagee makes a full credit bid, the mortgage debt is satisfied, and the mortgage is extinguished. [Citations omitted.]

"The power to render a deficiency decree in foreclosure proceedings is entirely statutory." *Bank of Three Oaks v Lakefront Props*, 178 Mich App 551, 555; 444 NW2d 217 (1989).[3] MCL 600.3280 creates a defense to any deficiency action if the mortgagor can prove that

the property sold [by advertisement] was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and such [a] showing shall constitute a defense to such action and shall defeat the deficiency judgment . . . either in whole or in part to such extent.

Interpreting our Supreme Court's decision in *New York Life Ins Co v Erb*, 276 Mich 610, 615; 268 NW 754 (1936), this Court has held that "upon foreclosure by advertisement and expiration of the redemption period without redemption by the mortgagor, the mortgagor cannot be held liable in a deficiency action for interest, taxes, or insurance costs accruing after the foreclosure sale." *Bank of Three Oaks*, 178 Mich App at 557.[4] The obvious implication of this statement is that a mortgagor remains liable for such costs paid before the foreclosure sale.

Plaintiff argues that defendants remain liable under the note and mortgage for HLL's liabilities because

---

[3] Because *Lakefront Props* was decided before November 1, 1990, it is not binding on this Court. MCR 7.215(J)(1); *People v Cooke*, 194 Mich App 534, 537; 487 NW2d 497 (1992). However, we believe that it was correctly decided.

[4] There is an exception that requires a mortgagor to pay for interest, taxes, and insurance premiums that accrue between the date of the foreclosure sale and the expiration of the redemption period when the mortgagor exercises its right of redemption. MCL 600.3240(1) and (2); *Bank of Three Oaks*, 178 Mich App at 555. However, HLL did not exercise this right, so the exception does not apply.

plaintiff's final bid was not a "full credit bid" since it did not include the unpaid taxes, insurance premiums, and escrow amounts. It is undisputed that plaintiff's bid included all the outstanding principal balance, as well as all accrued interest and foreclosure costs. This meets the quintessential definition of a full credit bid. *New Freedom Mtg Corp*, 281 Mich App at 68. However, as noted previously, our courts have recognized that a mortgagor may remain liable for taxes and insurance premiums paid by the mortgagee before the foreclosure sale. *Bank of Three Oaks*, 178 Mich App at 557.

Plaintiff contends that defendants are liable for the unpaid taxes that became due before the foreclosure sale, notwithstanding the fact that plaintiff did not actually pay these taxes until it sold the property to a third party. Although HLL's property taxes were to be paid regularly and held in escrow, plaintiff concedes that it did not actually incur these costs until it sold the property to a third party, well after the foreclosure sale was completed. As our Supreme Court noted in *Erb*, 276 Mich at 614, "where taxes are paid by the mortgagee or purchaser after the foreclosure sale, a bill in equity will not lie to reforeclose the mortgage for the taxes nor to impress and enforce a lien for them against the property." In *Erb*, the Supreme Court specifically noted that the taxes, which were paid by the mortgagee after the foreclosure was begun in 1933 and before the foreclosure sale, were due for tax years 1931 and 1932. *Id.* Nonetheless, the taxes were not collectable through a postforeclosure deficiency judgment because the mortgagee should have taken into account the amount of the taxes when placing its bid at the foreclosure sale. See *id.*; see also *Wood v Button*, 205 Mich 692, 705-706; 172 NW 422 (1919). Because plaintiff did not pay the taxes before the date of the foreclosure sale, this liability was extinguished by the foreclosure sale. The trial court

properly granted summary disposition in favor of defendants with respect to the unpaid taxes.

Plaintiff next argues that defendants remain liable for the insurance premium payments that it made before the foreclosure sale. We agree that, under the abovementioned authorities, plaintiff should ordinarily be permitted to recover by way of a deficiency judgment for the insurance premiums that it actually paid before the foreclosure sale. However, defendants raise an alternative ground for affirmance. Specifically, they claim that plaintiff cannot recover for the preforeclosure insurance premium payments because it failed to follow the contractual notice requirements before seeking a deficiency judgment.

Although the parties did not raise this issue in the circuit court, the court spontaneously stated at oral argument that plaintiff had failed to provide notice of the deficiency. Because this matter was never properly raised in the circuit court, the record does not contain sufficient evidence to determine whether plaintiff actually provided notice of the deficiency to HLL or defendants.[5] Because there may be genuine issues of material fact regarding the total amount of plaintiff's preforeclosure insurance premium payments,[6] as well as whether plaintiff followed adequate procedures to collect this

---

[5] Defendants suggest that plaintiff failed to sufficiently plead that it provided adequate notice of the deficiency. But defendants offer no legal support to establish that plaintiff was required to plead such a fact. To the contrary, if plaintiff provided inadequate notice under the agreements to recover a deficiency, this is a defense that defendants were required to plead and prove. See MCR 2.111(B) and (F).

[6] Plaintiff contends that it made $11,724.41 in insurance premium payments before the foreclosure sale. However, according to defendants, the insurance payment printout indicates that plaintiff may have actually paid less than this amount before the sale. Factual development concerning this matter will be required on remand.

amount from defendants, the grant of summary disposition for defendants on this issue was premature.

Finally, plaintiff argues that defendants remain liable for all taxes, insurance premiums, and escrow amounts, regardless of whether HLL remained liable, because the guaranties contained broad language requiring defendants to repay all of HLL's obligations, even those that had been discharged. However, even if the contractual language in a guaranty broadly extends to all of a mortgagor's liabilities and debts, a guarantor cannot be held liable for obligations that were either satisfied or never incurred by the mortgagor. *Bank of Three Oaks*, 178 Mich App at 558-559. To the extent that HLL's liabilities were extinguished by the foreclosure sale, defendants cannot be held independently liable for these extinguished debts. *Id.*

We affirm the circuit court's determination that defendants are not liable for the unpaid taxes paid by plaintiff after the foreclosure sale. However, we reverse the circuit court's determination that defendants are not liable for any of the insurance premium payments made by plaintiff before the foreclosure sale. We remand for further proceedings with respect to this question.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

JANSEN, P.J., and WHITBECK and BORRELLO, JJ., concurred.