NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0055n.06

No. 19-1637

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| NICOLE B. THOMPSON, | ) | **FILED** |
| | ) | Jan 27, 2020 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FIVE BROTHERS MORTGAGE COMPANY | ) | COURT FOR THE WESTERN |
| SERVICES AND SECURING, INC., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: BATCHELDER, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. After U.S. Bank foreclosed on the mortgage for Nicole Thompson's home, the bank retained Five Brothers Mortgage Company Services and Securing, Inc. to secure and maintain the property. Five Brothers entered the property, secured it, and disposed of certain property. Thompson sued Five Brothers, alleging that its actions had violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Because we conclude that Five Brothers was not acting as a debt collector for purposes of the FDCPA, we AFFIRM the district court's judgment in favor of Five Brothers.

I.

After Thompson defaulted on the mortgage for her home in Grand Rapids, Michigan, the mortgagee, U.S. Bank, pursued a nonjudicial foreclosure of the property. Using Michigan's foreclosure-by-advertisement scheme, *see* Mich. Comp. Laws § 600.3201, *et seq*., U.S. Bank held

a sheriff's sale on July 24, 2013, at which U.S. Bank purchased the property for $17,250. According to the district court, "[t]his left a deficiency of approximately $52,435.19 because the full amount [Thompson] was stated to have been in default was $69,685.19." Thompson failed to redeem the property during the statutory redemption period, which ended on January 24, 2014.

U.S. Bank retained Five Brothers, a property-preservation and maintenance company, "to coordinate securing and property preservation services of the Property." During the redemption period, Five Brothers completed visual inspections of the exterior of the property at U.S. Bank's direction. After the redemption period had ended, Five Brothers twice sought to contact Thompson but received no response. Each time, Five Brothers posted notices on the front entrance of the property advising Thompson that U.S. Bank had completed the foreclosure proceedings and informing Thompson of "certain rights and options that may be available" to her. When those methods still failed to produce contact, Five Brothers determined that the property was vacant, and U.S. Bank instructed Five Brothers to secure the property. Five Brothers did so and, according to Rebecca Sutton, Director of Property Escalations for Five Brothers, also performed "routine property maintenance . . . , including monthly inspections, winterization, removal of debris and hazards and removal of wet carpet from the basement."

Thompson maintains that it should have been clear to Five Brothers that the property was not vacant, given that all her personal possessions were in the house. She says that, after Five Brothers had secured the property, she contacted U.S. Bank to get the locks removed, and that U.S. Bank put her in touch with Five Brothers. According to Thompson, Five Brothers told her on April 10, 2014, that it would arrange for her to enter the house, but four days later, she learned that Five Brothers had disposed of all her property.

Thompson sued Five Brothers, alleging that the company had "violated the FDCPA by dispossessing plaintiff from her home and her personal property when there was no legal right to possession in violation of 15 U.S.C. § 1692f(6)." Five Brothers countered that it was not liable because it was not a debt collector for the purposes of the FDCPA. Thompson also alleged that Five Brothers had violated Michigan's Anti-Lockout Act. Mich. Comp. Laws § 600.2918. The district court ultimately granted summary judgment in Five Brothers' favor, concluding that Five Brothers was not a debt collector for FDCPA purposes and that, in any event, Thompson had failed to show that Five Brothers had violated the FDCPA. The court also dismissed Thompson's state-law claim without prejudice. Thompson timely appealed.

## II.

The FDCPA aims to curb "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Unsurprisingly then, it regulates "debt collectors," including by preventing them from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Forbidden debt-collection methods include "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Id.* § 1692f(6)(A). That is what Thompson alleges Five Brothers did here.

The Act does not apply at all, however, unless Five Brothers meets the statute's definition of a "debt collector." Generally, the Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). But, for the purpose of § 1692f(6), the subsection at issue in this case, the FDCPA provides that a "[debt collector] also

includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* Thompson does not allege that Five Brothers meets the general definition of "debt collector," only the definition of "debt collector" limited to § 1692f(6).[1]

The central inquiry, then, is whether the principal purpose of Five Brothers' business is the enforcement of security interests. *See id.* The parties dispute whether, in the abstract, a property-preservation company that secures and maintains properties on behalf of a mortgagee during nonjudicial foreclosure proceedings can be said to be in the business of enforcing security interests. As both parties acknowledge, few cases shed light on this question. We need not decide the question here, however. While the statute seems to require that we examine Five Brothers' business generally, rather than focusing solely on its actions in relation to Thompson, *see Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 411(6th Cir. 1998), Thompson offers neither an allegation nor evidence that Five Brothers *usually* performs its services while foreclosure proceedings are ongoing. Instead, all we know about Five Brothers is what it did in this case: it entered the property after foreclosure proceedings had ended. At that point, Five Brothers could not have been enforcing a security interest; the security interest had been extinguished. Even

---

[1] Recently, in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), the Supreme Court addressed whether the definition of "debt collector" that applies only to § 1692f(6) means "that one principally involved in 'the enforcement of security interests' is *not* a debt collector (except '[f]or the purpose of section 1692f(6)).'" *Id.* at 1033 (quoting § 1692a(6)). The Court concluded that § 1692f(6) did have this effect, "plac[ing] those whose 'principal purpose . . . is the enforcement of security interests' outside the scope of the primary 'debt collector' definition, § 1692a(6), where the business is engaged in no more than the kind of security-interest enforcement at issue here—nonjudicial foreclosure proceedings." *Id.* (second alteration in original). That is, "but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Id.* at 1038. *Obduskey* has little effect on this case because Thompson's sole allegation is that Five Brothers violated § 1692f(6); unlike the plaintiff in *Obduskey*, Thompson makes no allegation that Five Brothers violated other provisions of the Act.

taking Five Brothers' actions in this case as sufficient evidence of the firm's "principal purpose"—a doubtful proposition—Thompson has not shown that Five Brothers qualifies as a "debt collector" under the FDCPA.

In Thompson's case, U.S. Bank elected to foreclose through Michigan's foreclosure-by-advertisement scheme, which allows the mortgagee to foreclose through a sheriff's sale upon the mortgagor's default and after notice and publication.  *See Bank of America, NA v. First Am. Title Ins. Co.*, 878 N.W.2d 816, 822 (Mich. 2016).  If the property is sold at the sheriff's sale, the mortgagor has a statutory right to redeem the property by paying the purchase price plus interest, taxes, and insurance costs within a statutorily defined time.  Mich. Comp. Laws § 600.3240.  If the mortgagor redeems the property, the sheriff's sale purchase is voided, and the mortgagor retains the property.  *Id.* § 600.3240(1).  If the mortgagor fails to redeem the property, however, "all the mortgagor's rights in and to the property are extinguished."  *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014).  The mortgage itself is extinguished, and the purchaser at the sheriff's sale obtains legal title to the property.[2]  *Dunitz v. Woodford Apartments Co.*, 209 N.W. 809, 810 (Mich. 1926); *see also* Mich. Comp. Laws § 600.3236 (stating that unless the mortgagor redeems the property, the deed from the sheriff's sale "shall thereupon become operative, and shall vest in the grantee . . . all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter").

---

[2] Thompson argues that, according to the Michigan Supreme Court's decision in *Bank of America*, 878 N.W.2d 816 (Mich. 2016), a mortgage is not extinguished unless the mortgagee makes a full-credit bid at the foreclosure sale.  Thompson misreads *Bank of America*; it says only that a full-credit bid extinguishes a mortgage and the accompanying debt.  *Id.* at 823.  It says nothing about instances in which the mortgagee does not make a full-credit bid and instead bids lower than the mortgage price at the sheriff's sale.

In this case, the statutory redemption period ended on January 24, 2014, without redemption by Thompson. At that point, the mortgage was extinguished, as were Thompson's rights in and to the property. *See Bryan*, 848 N.W.2d at 485. U.S. Bank, the purchaser at the sheriff's sale, obtained legal title to the premises. *See Dunitz*, 209 N.W. at 810. Consequently, the conduct by Five Brothers about which Thompson complains occurred after the mortgage had been extinguished and after U.S. Bank took legal title to the property. Five Brothers, therefore, was not acting to enforce a security interest because no security interest existed.

The fact that U.S. Bank was entitled to seek a deficiency judgment against Thompson for the difference between the purchase price and the amount of the mortgage does not change the result. Thompson has not alleged that Five Brothers would have any part in a subsequent action by U.S. Bank for a deficiency judgment against Thompson. And, the right to seek a deficiency judgment stems from the promissory note signed by the debtor, not from the security interest. *See New York Life Ins. Co v. Erb*, 268 N.W. 754, 754 (Mich. 1936); *First of Am. Bank-Oakland Macomb, N.A. v. Brown*, 404 N.W.2d 706, 708–09 (Mich. Ct. App. 1987). As Michigan courts have recognized, "extinguishment of the mortgage does not necessarily extinguish the debt, unless the total amount due under the terms of the mortgage is paid at the foreclosure sale." *In re Claim for Surplus Funds*, __ N.W.2d.__, 2019 WL 2195035, at *2 (Mich. Ct. App. May 21, 2019). Thus, the fact that U.S. Bank may later pursue a deficiency judgment against Thompson does not mean there was any security interest to enforce.

Thompson argues that, under Michigan law, a right to possession is obtained by court order; Five Brothers, she therefore alleges, violated Michigan law by entering the property and changing the locks without such an order. We need not decide whether a court order was required for Five Brothers to enter the property; that argument goes to the merits of the FDCPA claim—

that there was no present right to possession. 15 U.S.C. § 1629f(6)(A). Before we consider that claim, Thompson must show that Five Brothers was a debt collector. This Thompson cannot do.

Thompson also argues that Five Brothers violated Michigan's Anti-Lockout Act. Mich. Comp. Law § 600.2918. Whether that is so has no bearing on whether Five Brothers was a debt collector for the purposes of the FDCPA. The district court dismissed without prejudice Thompson's claim under Michigan's Anti-Lockout Act, declining to exercise supplemental jurisdiction over the pendant state-law claim. Thompson does not challenge the district court's decision in this regard, so we do not address her arguments under the Michigan statute.

In sum, Five Brothers' conduct in this case did not involve the enforcement of a security interest because no security interest existed at the time Five Brothers entered the property on behalf of U.S. Bank. And Thompson has adduced no proof suggesting that the company ever becomes involved at earlier stages, such that its principal business purpose could be said to be that of enforcing security interests. Thompson has not shown, therefore, that Five Brothers is a "debt collector" for purposes of the FDCPA; the company is not liable under that Act. Our holding is limited; we do not consider whether a business who engages in conduct similar to Five Brothers' while nonjudicial foreclosure proceedings are ongoing engages in the enforcement of a security interest. That question is not before us.

* * *

We AFFIRM the judgment in favor of Five Brothers.